**CENTAUR CONST. CO., Inc. v. UNITED STATES.**

No. 48869.

United States Court of Claims.

April 4, 1949.

Josephus C. Trimble, of Washington, D. C., (Harry S. Hall and Philip Lerman, both of New York City, on the brief), for plaintiff.

Kendall M. Barnes, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

On or about March 1, 1941, plaintiff entered into a contract with defendant for certain construction work at the United States Coast Guard Depot, Curtis Bay, Maryland. On October 26, 1942, while work under this contract was in process, plaintiff filed an application with defendant's contracting officer, for relief under Section 201 of the First War Powers Act, 50 U.S.C.A.Appendix, § 611, which application was denied. From this denial plaintiff took an appeal to the head of the department, who affirmed the action of the contracting officer.

On August 7, 1946, Public Law No. 657, Chap. 864, 79th Congress, 2d Session, 60 Stat. 902, 41 U.S.C.A. § 106 note, was ap-

352

proved. This Act provided in part as follows:

"That where work, supplies, or services have been furnished between September 16, 1940, and August 14, 1945, under a contract or subcontract, for any department or agency of the Government which prior to the latter date was authorized to enter into contracts and amendments or modifications of contracts under section 201 of the First War Powers Act, 1941 (50 U.S.C., Supp. IV, app., sec. 611), such departments and agencies are hereby authorized, in accordance with regulations to be prescribed by the President within sixty days after the date of approval of this Act, to consider, adjust, and settle equitable claims of contractors, including subcontractors and materialmen performing work or furnishing supplies or services to the contractor or another subcontractor, for losses (not including diminution of anticipated profits) incurred between September 16, 1940, and August 14, 1945, without fault or negligence on their part in the performance of such contracts or subcontracts. Settlement of such claims shall be made or approved in each case by the head of the department or agency concerned or by a central authority therein designated by such head."

Section 6 of the aforesaid Act provides as follows:

"Whenever any claimant under this Act is dissatisfied with the action of a department or agency of the Government in either granting or denying his claim, such claimant shall have the right within six months to file a petition with any Federal district court of competent jurisdiction, * * *"

On February 7, 1947, plaintiff filed a claim under this statute with the Commandant of the Coast Guard which claim was by letter dated April 21, 1947, denied.

Amendatory to said Public Law 657, 79th Congress, 2d Session, Chap. 864, Congress enacted Public Law 773, 80th Congress, 2d Session, Chap. 646, 62 Stat. 869, approved June 25, 1948, and effective September 1, 1948, and as applicable to petitioner's case provides in part as follows:

"Sec. 37. Section 6 of the Act approved August 7, 1946 (ch. 864, 60 Stat. 903), is amended to read as follows:

" 'Sec. 6. Whenever any claimant under this Act is dissatisfied with the action of a department or agency of the Government in either granting or denying his claim, such claimant shall have the right within six months to file a petition with the Court of Claims or, if the claim does not exceed $10,000 in amount or suit has heretofore been brought or is brought within thirty days after the enactment of this amendatory act, with any Federal district court of competent jurisdiction, * * *' " 41 U.S.C.A. § 106 note.

On September 27, 1948, petitioner filed its petition with this court based upon the foregoing claim. The defendant has moved the court to dismiss the petition herein on the ground that the court does not have jurisdiction thereof, since such petition was filed more than six months after the determination of plaintiff's claim by the United States Coast Guard (now under jurisdiction of the Treasury Department) on April 21, 1947.

Thus, the question presented by defendant's motion is whether plaintiff has filed its petition within the time limited by the statute. The Lucas Act, Public Law 657, supra, effective August 7, 1946, made ample provision for relief to plaintiff for losses incurred between September 16, 1940, and August 14, 1945, without fault or negligence on its part in the performance of its contract with the defendant.

Exactly six months after the effective date of said Act, plaintiff filed its claim for relief with the Commandant of the Coast Guard, which as recited above, was denied by letter on April 21, 1947. Section 6 of the Lucas Act which was effective at that time gave plaintiff six months from the agency action within which to file a petition with any Federal District Court of competent jurisdiction asking a determination by the court of the equities involved in its claim.

Plaintiff, however, did not evidence its dissatisfaction with the action of the Coast Guard by filing suit in any Federal District

Court. Not having filed such suit within six months from the action of the department, plaintiff failed or neglected to register its dissatisfaction in the manner provided by Congress.

Later, Public Law No. 773, supra, amendatory to Public Law 657, supra, was enacted, approved June 25, 1948, effective September 1, 1948. The change in Section 6 related to the forum in which dissatisfied claimants could file their petitions—"within six months * * * with the Court of Claims or, if the claim does not exceed $10,000 in amount or suit has heretofore been brought or is brought within thirty days after the enactment of this amendatory act, with any Federal district court of competent jurisdiction, * * *"

The plaintiff's contention is that the effect of Section 6, as amended in 1948, was to permit the bringing of a suit within six months after the enactment of the 1948 amendment, regardless of when a right to sue under the original Lucas Act, enacted in 1946, had accrued by reason of action of a department or agency, which action was not satisfactory to the claimant. Plaintiff contends, in other words, that the six months period specified in Section 6, as amended, was a six months period beginning on September 1, 1948. If this contention were correct, the law would make no provision at all for a suit on a claim based on dissatisfaction with the action of a department or agency, which action did not occur until more than six months after September 1, 1948. We have no idea that Congress intended to revive, for the benefit of some claimants, suits long since barred by the six months limitation period of the original Lucas Act, and at the same time deny any right to sue at all to those claimants whose claims happened to be acted upon by a department or agency more than six months after September 1, 1948.

■ The language and punctuation of Section 6 as amended are consistent with our interpretation. When the statute says that one who is dissatisfied with the action of a department or agency may sue within six months, the natural meaning is that he may sue within six months after the unsatisfactory action, not within six months after some other event, such as the enactment of the amendment. This meaning is particularly plain when the amendment in this regard is a mere repetition of what was contained in the original statute, where it unquestionably meant what we think it meant in the amendment. And any possible remaining doubt as to its meaning would seem to be removed by the fact that four lines farther along, in the same section and the same sentence the statute expressly provides that another kind of action must be taken *within thirty days after the enactment of this amendatory act*. When the statute had reference to a limitation period to be measured from a fixed date, it said so, and did not leave the question for inference or interpretation.

■ If the plaintiff should contend that its suit is in time because brought, as it was, within thirty days after the effective date of the amendment of the Lucas Act, the answer is that if the thirty day period provided in Section 6 as amended was intended to be a waiver of the statute in cases where it had already run under the original act, or an extension, in cases where it had almost run, which question it is not necessary for us to decide, the waiver or extension is, in unmistakable terms, applicable only to suits filed in a District Court of the United States, and would have no bearing upon the plaintiff's suit filed in this Court.

Accordingly, we conclude that plaintiff's petition to this court comes too late. Defendant's motion to dismiss is therefore sustained and the petition is dismissed.

JONES, Chief Judge, and MADDEN, Judge, concur.

WHITAKER, Judge (dissenting).

Section 37 of Public Law 773, 80th Congress, 2d Session, 62 Stat. 869, amending Section 6 of the Lucas Act, permits a claimant to file a claim under that Act "within thirty days after the enactment of this amendatory act." Apparently, this permission is granted only in case of a claim which does not exceed $10,000 and permits the filing of such a claim in the District Court. However, I cannot conceive that Congress intended to permit a

354

claimant whose claim did not exceed $10,-000 to file a claim thereon within thirty days after enactment of the Act, and to deny to a claimant with a $12,000 claim the right to file it in this court within thirty days after the enactment of the Act. The statute is not well drawn, but reading it as a whole, I am of opinion that it was intended to permit a claimant, whatever the size of his claim, to file it in the proper forum within thirty days after the enactment of the Act.

I am authorized to say that Judge LITTLETON concurs in this opinion.