## FLORIDA DEHYDRATION CO. v. UNITED STATES.

### No. 48873.

United States Court of Claims.

Decided Dec. 4, 1951.

Llewellyn A. Luce, Washington, D. C., for the plaintiff.

John J. McGinty, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Defendant has moved under Rule 51 of the Rules of the United States Court of

Claims, 28 U.S.C.A., for summary judgment on the ground that plaintiff's petition and documentary evidence submitted by the parties in connection therewith raise no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

Plaintiff brings this suit under the Act of August 7, 1946,[1] known as the Lucas Act.

In its petition plaintiff alleges that during the years 1943, 1944, and 1945 it entered into a series of contracts with defendant through the War Foods Administration and the Department of Agriculture, for the furnishing of various dehydrated vegetables, and that in the performance of such contracts it suffered a total loss of $260,846.20 through no fault on plaintiff's part. Plaintiff further alleges that on February 3, 1947, it filed a claim with the Department of Agriculture for the aforesaid loss under Public Law 657; that the United States Department of Agriculture did not write to the plaintiff concerning this claim, but that on March 5, 1947, the Department of Agriculture mailed a letter to plaintiff's counsel advising him that the claim could not be considered. Plaintiff's petition alleges that the various grounds relied on by defendant in its letter of March 5, 1947, to plaintiff's counsel were not sufficient to justify the Department's refusal to consider plaintiff's claim in that the letters submitted with the claim were, as a matter of law, written requests for relief filed with the agency concerned on or before August 14, 1945, and requested the type of relief contemplated by the Lucas Act.

Plaintiff's claim to the Department of Agriculture and the various letters relied on have been received in evidence along with the letter of plaintiff's attorney dated February 3, 1947, forwarding the claim on behalf of the plaintiff to the Department of Agriculture. Attached to plaintiff's petition is the letter of March 5, 1947, from the Department of Agriculture to plaintiff's attorney. The letter states that the claim was filed for consideration under the Lucas Act; that the documents presented and the records with the Department disclose that two contracts were negotiated, the contract prices mutually acceptable to the parties, and that final action had thus been taken prior to August 14, 1945; that a third contract was canceled at plaintiff's request without liability to either party on April 28, 1945, and that thus final action with respect to that contract was taken on or before August 14, 1945. The letter quoted Section 204 of Executive Order Oct. 5, 1946, No. 9786, which provided as follows: "No claim for loss under any contract or subcontract of a war agency shall be received or considered unless a written request for relief with respect thereto was filed with such war agency on or before August 14, 1945; and no claim shall be considered if final action with respect thereto was taken on or before that date." The letter concluded with the following paragraph: "Accordingly, any claim for losses incurred under these contracts cannot be considered under Public Law 657 because of failure to comply with Section 204 of Executive Order 9786, either for the reason that a written request for relief was not filed on or before August 14, 1945, or that final action with respect thereto was taken on or before that date."

On March 31, 1947, plaintiff's attorney wrote to the Department of Agriculture as follows:

"Please let me acknowledge receipt of your letter dated March 5, 1947, declining the claim filed by the above company and presented by me for consideration. I note the facts given in your letter for declining the claim but I believe that I am in a position to show you that the claim should not be declined for the various grounds stated.

"I would therefore appreciate being granted a conference in the matter with you or your representatives at the convenience of your office. I am somewhat surprised that the case was declined as it was without giving the officers of the company or their representatives an opportunity to be heard. No conferences whatsoever have been held." This document is in evidence as defendant's Exhibit No. 1.

---

1. 60 Stat. 902 as amended by Public Law 773, 80th Congress, 2d session, 62 Stat. 869, 41 U.S.C.A. § 106 note.

It is defendant's contention that the letter from the Department of Agriculture of March 5, 1947, was a denial of plaintiff's claim under Section 6 of the Lucas Act and that plaintiff did not, within six months of such denial, file a petition in court as required by Section 6 of the Act. The petition was filed on September 29, 1948. It is plaintiff's contention that the letter of March 5, 1947 was not a formal denial of plaintiff's claim as contemplated by the Lucas Act, citing Roe v. United States, 77 F. Supp. 1010, 112 Ct.Cl. 224; Rosario v. United States, 70 App.D.C. 323, 106 F.2d 844, and United States v. Bollman, 8 Cir., 73 F. 2d 133. In further support of its contention that the letter of March 5, 1947 did not finally dispose of plaintiff's claim as far as the Department of Agriculture was concerned, plaintiff points to two notations made by someone in the Department at the bottom of plaintiff's letter of March 31, 1947. One notation is to the effect that plaintiff's attorney called the Department on April 7, 1947 and would call back the following week to discuss the claim. The other notation was that on April 5, 1948 (a year later), plaintiff's attorney had called and would call back and arrange a conference. It is also suggested by plaintiff's petition and in its brief that notice to plaintiff's attorney that the claim was denied was not notice to the plaintiff.

If the letter of March 5, 1947, from the Department of Agriculture to plaintiff's attorney was a denial of plaintiff's claim under the Lucas Act, and if no further negotiations were actually carried on with the Department concerning that claim, plaintiff's petition filed in this court on September 29, 1948, more than 18 months later, is barred by the six months Statute of Limitations provided for in Section 6 of the Lucas Act. Centaur Construction Co., Inc., v. United States, 83 F.Supp. 351, 113 Ct.Cl. 288, certiorari denied 338 U.S. 826, 70 S.Ct. 74, 94 L.Ed. 502.

■ In general, notice to an attorney is notice to the client. Mr. Luce, to whom the letter of March 5, 1947, was addressed, was unquestionably plaintiff's attorney for the purpose of presenting plaintiff's Lucas Act claims to the Department of Agriculture, and the letter of March 5, 1947, was,

therefore, notice to the plaintiff, as well as to the attorney, of the material contained in that letter.

■ As for the letter of March 5, 1947, itself, it is true the Department of Agriculture does not say in so many words "your claim for losses is denied." Instead it says, as quoted above, "any claim for losses incurred under these contracts cannot be considered under Public Law 657 because of failure to comply with Section 204 of Executive Order 9786, * * *." In our opinion, this is a denial of plaintiff's claim.

In the cases cited by plaintiff, the courts found that following the denials of the particular claims in question there were further formal negotiations which clearly kept the matters open. In the instant case, the only evidence of continued negotiations are the penciled notations made by someone in the Department of Agriculture on the bottom of Mr. Luce's letter of March 31, 1947. Apparently Mr. Luce did make two telephone calls to the Department, following his letter of March 31, relative to holding a conference. There is no evidence of any further correspondence or of any conferences held with respect to plaintiff's claim or the denial thereof.

■ At most, the penciled notations indicate only an intention on the part of plaintiff's counsel to secure reconsideration of plaintiff's claim which had been denied. The Lucas Act does not provide for reconsideration by the agency of its adverse determination of a claim, and the record before us is barren of any evidence that the Department intended to reconsider its formal action. The fact that someone in the Department was willing to meet with Mr. Luce personally in a conference, does not mean that the Department intended to reconsider or to carry on further negotiations. We are mindful of the fact that it is no part of the court's function on a motion for summary judgment to decide issues of fact but that, on the contrary, it is the court's function to determine whether there are any issues of fact to be tried. Butcher v. United Electric Coal Co., 7 Cir., 174 F.2d 1003. Furthermore, the Statute of Limitations is in this case an affirmative defense which might have been overcome by plaintiff's presentation of appropriate facts showing, for

364

example, further negotiations. The only facts relied on by plaintiff to overcome this defense, are the two penciled notations, and the question before us is whether, as a matter of law, those notations, made by an agent of the Department of Agriculture on April 7, 1947, and on April 5, 1948, constitute "further negotiations" so as to keep plaintiff's claim open at least until April 4, 1948.

We hold that following a formal decision on plaintiff's claim by the Department of Agriculture pursuant to the Lucas Act and the regulations thereunder, such notations are too insignificant to raise a genuine issue of fact as to the existence of further negotiations.

As we held in Centaur Construction Co., Inc., v. United States, supra, claimants under the Lucas Act must file their petitions in the district court or in this court within six months of the denial of their claims by the agencies involved. Plaintiff's claim herein was denied by the Department of Agriculture on March 5, 1947, and its petition was not filed until September 29, 1948, and is therefore barred by the Lucas Act Statute of Limitations. It is unnecessary, under the circumstances, for the court to pass upon defendant's other ground for summary judgment. Accordingly, summary judgment will be entered in favor of defendant.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, JJ., concur.

JONES, C. J., took no part in the decision of this case.