**STAFFORD ORDNANCE CORP. v. UNITED STATES.**

No. 49992.

United States Court of Claims.

Dec. 2, 1952.

Leslie C. Garnett, Washington, D. C., Melvin D. Hildreth and Samuel F. Beach, Washington, D. C., for plaintiff on the brief.

Kendall M. Barnes, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff avers that it has a just claim for the sum of $671,682.25. The material allegations of its petition are as follows:

"3. On November 16, 1942, armed representatives of the United States Army, acting on orders received by the Metal Reserve Company, seized from the plaintiff certain armament as listed in Exhibit 'A,' made part hereof by reference.

"4. Plaintiff avers that the purpose of the seizure, allegedly to secure metal, was without merit and that such armament was seized because it was of French calibre and capable of service for the Free French.

"5. On November 24, 1952, the plaintiff filed with the Materials Redistribution Branch, War Production Board, its claim for payment in the amount of $671,682.25, and such claim was disallowed, except the Department agreed to pay the sum of $152.14 as full and complete compensation for the armament seized.

"6. Plaintiff respectfully submits to the Court that it has exhausted all of the remedies accorded to it before the War Production Board for the recovery of the amount of $671,682.25, plus interest, which is erroneously withheld from it as aforesaid, and now brings this suit against the Government of the United States in this Honorable Court for the recovery of $671,682.25, plus interest from the dates of seizure as aforesaid."

The list of items claimed to have been requisitioned is attached to the petition as Exhibit A.

Defendant moves the court that it grant judgment dismissing the petition on the ground that there is no genuine issue as to a material fact, to wit, that the petition in this action was filed more than six years after plaintiff's cause of action first accrued.

Attached to the defendant's motion is an affidavit to the effect that under date of November 24, 1942, Stafford Ordnance Corporation filed proof of claim with the Requisitioning Branch of the Redistribution Division of the War Production Board, and on March 12, 1943, filed an amendment to such proof of claim; that on August 11, 1943, a preliminary determination of just compensation for this material was made and notice given to said corporation; that objections to such preliminary determination were filed with the War Production Board on September 2, 1943, and a request made for a hearing; that the hearing was denied, but arrangements were made for an informal conference and submission of additional evidence by Stafford; that the conference was postponed on several occasions at the request of Stafford; that under date of May 26, 1944, Stafford wrote a letter requesting that a final determination be made promptly, and that under date of June 19, 1944, an award was made and notice given to Stafford and to all other known claimants.

It appears from the attached photostatic copy thereof that a notice of preliminary determination was made on August 11, 1943, classifying the materials requisitioned as steel, brass, and aluminum scrap, and fixing the value of such materials in the aggregate sum of $152.14. The preliminary determination further states that this is the aggregate amount of compensation and that the claims of all persons for compensation for the property described above will be paid to the various claimants on showing of their being entitled thereto. The preliminary finding further stated that if plaintiff had any objection to the preliminary determination such objection should be made in writing within 30 days. In reply to such determination and notice of opportunity to file objections the plaintiff wrote to the Materials Redistribution Branch, War Production Board, Washington, D. C., a letter, the body of which reads as follows:

"Under date of August 11th, 1943, you served upon the undersigned, Stafford Ordnance Corporation, a New York corporation, with offices at 60 East 42nd Street, in the Borough of

Manhattan, City of New York, a Notice of Preliminary Determination of fair and just compensation of $152.14. To this Notice of Preliminary Determination the undersigned, on or about the 2nd day of September 1943, served on you a Protest, dated August 24th, 1943.

"A request for a formal hearing under Regulations 902.1(d) of the War Production Board, which was contained in the aforesaid Protest, was denied by you, and only an informal hearing was offered.

"The undersigned has decided to sue the United States in the Court of Claims for an additional amount of compensation to which it is justly entitled, and, therefore, asks you to serve upon it without delay a notice of your final determination covering the undersigned's property which has heretofore been requisitioned by you."

There is also attached a photostatic copy of a letter dated June 19, 1944, addressed to the Stafford Ordnance Corporation and signed by the Chief of the Requisitioning Branch advising that the perliminary determination had been thoroughly reviewed and that no basis was found for changing the amount of compensation originally determined, and that the aggregate amount of compensation the Board was prepared to pay for this particular lot of requisitioned material was $152.14, and that "a formal award of compensation in that amount is being made." The letter further states that due to not having received proofs of claim from various persons who had come to the attention of the Branch as having a possible interest in the requisitioned material it was impossible to make a determination of the persons to whom this compensation was to be paid and the amount payable to each; that the award of compensation was therefore made to persons unknown, but a copy was being sent to the plaintiff. The letter also contained the following paragraph:

"The administrative action taken by us in making this Award will permit you to avail yourself of the provisions in the Statute which make available to you, a judicial review in the appropriate Federal Court of our determination of the ownership of this material and the amount of compensation payable therefor."

Also attached to defendant's motion is a photostatic copy of the Award of Compensation, dated June 19, 1944, the pertinent parts of which are as follows:

"The Chairman of the War Production Board, pursuant to the Act of October 16, 1941, as amended, and the Executive Orders and Regulations thereunder, hereby makes the following award of compensation with respect to the property described below which was requisitioned by the United States:

---

"Description of Property:

"All machine guns, operating, non-operating or obsolete, and all parts therefor, and all cannon, grenades, bombs or other military arms using explosives (other than pistols, rifles and shotguns) and ammunition for any of the foregoing (other than ammunition for pistols, rifles and shotguns). Computed as follows:[1]

| | |
|---|---|
| 12,013 pounds Steel Scrap from New York @ $15.33 G. T.... | $82.21 |
| 8,204 pounds Steel Scrap from Philadelphia @ $17.51 G. T... | 64.14 |
| 61 pounds Brass Scrap @ $0.09 lb. .: | 5.49 |
| 3 pounds Aluminum Scrap @ $0.10 lb. | .30 |
| Total | 152.14 |

"Persons entitled to compensation:

"The person or persons entitled to compensation and the amount to which each is entitled cannot now be determined and therefore this award is made to persons unknown."

On July 25, 1947, John G. Hager, formerly the Chief of the Requisitioning Branch, War Production Board, sent to plaintiff's attorney the following letter:

"Reference is made to a quantity of metallic materials which was requisitioned from your client, Stafford Ord-

---

I. Amount of Compensation $152.14.

nance Corporation, by the War Production Board, November 16, 1942.

"All records of this transaction have been transferred to the Division of Liquidation, Department of Commerce. Should there be occasion for further correspondence, it should be addressed to this Division, attention of the undersigned, Financial Policy Section, Division of Liquidation, Department of Commerce, Washington 25, D. C."

On July 28, 1947, the plaintiff's attorney wrote to the Financial Policy Section, Division of Liquidation, Department of Commerce, the following letter:

"Reference is made to your communication of July 25, 1947, relating to seizure, for metal scrap, of certain machine guns especially adapted for the French, which were requisitioned by the War Production Board on November 16, 1942. We desire to reopen this matter, and supply evidence not available to you in 1942, and to place our claim for proper adjustment."

These documents are attached in photostatic form to the motion for summary judgment.

In reply to the motion plaintiff's attorney attaches an affidavit setting out that these guns were Vickers machine guns, vastly superior to the light machine guns of the United States, and were of great value to French patriots in their movements against their enemies, later on enemies of the United States; that the machine guns were examined and fairly valued at $900 each, at which price the plaintiff quoted these guns to the various states and municipalities which desired to acquire them for civilian defense.

The affidavit identifies the award of June 19, 1944, and makes reference to the letters of July 25 and 28, 1947, heretofore quoted.

There seems to be no material dispute as to the record evidence pertaining to the issue of limitations. The question of the value of the material is not involved in such determination.

The Court of Claims has no jurisdiction to pass upon a claim unless suit is filed within six years after such claim first accrues. 28 U.S.C.A. § 2501.

Defendant pleads that the claim accrued at the time of the taking on November 26, 1942, or at the latest at the time of the alleged final award on June 19, 1944. If either of these dates is determined to be the time the claim first accrued it is barred by the Statute of Limitations since suit was not filed until January 4, 1951, more than six years having elapsed.

The plaintiff answers that the award of June 19, 1944, merely made a tentative finding as to the amount due all claimants and that the amount due each claimant was not then determined, and that this was not a sufficient determination to constitute final action. Plaintiff further asserts that the letters of July 25 and 28, 1947, show that the whole matter was still in the negotiation state and that final determination not having been made the statute did not begin to run until after that time, and that therefore this court has jurisdiction of the subject matter.

■■■ Ordinarily a claim accrues in requisitioning property at the time of the actual taking of the property. Moriarty v. United States, 97 Ct.Cl. 338; Pink v. United States, 85 Ct.Cl. 121; Electric Boat Co. v. United States, 81 Ct.Cl. 361. Under these authorities and under the statute to which reference has been made more than six years having elapsed after the accrual of the claim before the filing of suit this court has no jurisdiction.

The plaintiff asserts that since the matter was in process of negotiation the statute did not begin to run until final determination which had not been made more than six years prior to the filing of suit.

Even if it were held that a process of renegotiation would defer the running of the statute of limitations until final determination were had, we think that the award of June 19, 1944, constituted final determination for all practical purposes, especially since it was in response to a request for such determination on the part of the plaintiff for the stated purpose of suing the United States in the Court of Claims for an

382

additional amount of compensation. It is true that it was not made as an award to the plaintiff, but it did cover the defendant's determination of assessment of the value of the total properties involved. We do not think that the letter of July 25, 1947, heretofore quoted, constitutes in any sense a basis for claim that the matter of determining the value of the property requisitioned was still under consideration or was in any sense in a negotiation status.

Naturally the letter of July 28, 1947, from plaintiff asking for a reopening and to which admittedly there was no reply, could not be construed as continuing the matter of negotiation. Florida Dehydration Co. v. United States, 101 F.Supp. 361, 121 Ct.Cl. 89.

We regret the necessity of dismissing the suit under the circumstances, but under our jurisdictional statute which has heretofore been uniformly construed, we have no authority to do otherwise.

Defendant's motion is sustained and the petition dismissed.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.