This claim is brought under 28 U.S.C. § 1491 to recover damages for the seizure and detention of a 36 foot diesel vessel, the Andiamo, a 24 foot gas engined vessel, the Wild Goose, a Volkswagen van, and a Toyota Land Cruiser, all owned by plaintiff. The seizure occurred at or near San Francisco, on or about May 3, 1971. Other petition allegations are: The Andiamo was returned May 24, 1975, in a deteriorated condition. The Wild Goose was released in 1977, as was the van. Defendant apparently has summarily *839 forfeited the Toyota. The damages are deterioration, loss of use, and theft of equipment. The petition does not state who the seizing officers were except that they were "authorized agents” of defendant. Apparently they were either Customs or Narcotic agents, as variously asserted in exhibits attached to the petition. Defendant suspected the vessels and vehicles were used in smuggling marijuana, but found none contained therein. Plaintiff filed this action January 22, 1979. The "seizure and impoundment” are stated to be in violation of the fifth and fourteenth amendments, and to deprive plaintiff of property without due process of law. In his reply brief plaintiff states the suit is founded on the Constitution, but alternatively, he floats an implied contract theory.
Defendant moves to dismiss, without documentation. Thus it undertakes a heavy burden, for we cannot grant such a motion unless on no reading of the petition could the plaintiff prevail. The grounds of the motion are two: that our six-year statute of limitations (28 U.S.C. § 2501) had run before plaintiff brought suit, and that the action sounds in tort. Other possible defenses are. not considered here, as, e.g., whether the claim sounds in admiralty as to the two vessels.
Defendant’s first theory requires it to assert, and it does assert, that the cause of action accrued on the seizure date, May 3, 1971, which was of course more than 6 years before action brought. It is difficult to determine when a cause of action accrues when its nature is as amorphous as here, but we think a suit on any possible theory would have been prematurely brought if filed on, say, May 4,1971. The legal basis of the seizures is not given, but we assume it was 19 U.S.C. § 1592, as it then was. A number of provisions thereafter in the Code prescribed what should have happened next: the guilty vessel or vehicle was to be seized and proceeded against summarily by libel (§ 1594) and was subject to forfeiture (§ 1595a) if used for smuggling. The seizing officers were to report to the Collector of Customs (now District Director) and turn the seized articles over to him (§ 1602) and he was to report to the U.S. Attorney (§ 1603) whose duty it was to enforce any forfeiture that was incurred (§ 1604), the Collector holding the seized articles in custody (§ 1605) and causing an appraisal to be made (§ *840 1606). If the merchandise was valued under $2,500 it might be summarily forfeited on published notice (§§ 1607, 1609) unless someone claimed it, and filed a bond. In that event, or if appraisal was over $2,500, the U.S. Attorney had to institute proper condemnation proceedings in court (§ 1610). Before this happened, however, claimants had to have a chance to petition for remission or mitigation (§ 1618). It is obvious the Congress intended the U.S. Attorney’s condemnation procedure should be the only proper forum for any challenge to the legality of the seizure. Thompson v. Schwaebe, 22 F. 2d 518 (9th Cir. 1927). If the government slipped up in any of the post-seizure ritual, we may assume arguendo that a suit here might be possible, and perhaps the legality of the original seizure might also be put in issue. Cf. Doherty v. United States, 205 Ct. Cl. 34, 500 F. 2d 540 (1974). Plaintiff here alleges prolonged improper failure to forfeit or condemn, or alternatively to remit, and absence of proper notice of condemnation in the case of the Toyota. It is too clear for argument that plaintiff could not have known he had such causes of action on May 4, 1971, and that a naked allegation of illegal seizure on that date, with so many required steps not taken and not possible so early, would not have got him .into this court. So the claim, if it ever accrued, must have done so at a later date. Being supplied no material we can use to fix on a date later than May 4, 1971, the rules applicable to motions to dismiss compel us to suppose that the accrual date was less than 6 years before January 22, 1979.
The same uncertainty is fatal to defendant’s motion based on the tort exclusion from our jurisdiction. We have here four major items of property, vessels or vehicles, and all dealt with differently, but only the most sketchy information is supplied. It is almost certain that parts of the claim sound in tort, and possible that all of it does. But it would be a most headlong piece of jurisprudence for us to assume just on the petition and motion that plaintiff could not prove any part of its claim respecting any item of property, on other than a tort theory. The case of Hatzlachh Supply Co. v. United States, 217 Ct. Cl. 423, 579 F. 2d 617 (1978), vacated and remanded, 444 U.S. 460 (1980), presents differences because there plaintiff had only *841 its implied contract theory to rely on, while here plaintiff may be able to show breaches of express statutory provisions. It may well be, however, that defendant will be able to prevail on summary judgment, but we think it should at least come into court and show from its records what it did.
Accordingly, on the petition, motion to dismiss, and briefs, but without oral argument, and without prejudice to any defenses defendant may wish to establish by summary judgment or on the merits, the motion to dismiss is denied and the cause is remanded to the trial division.