This case is before the court without oral argument on defendant’s motion to dismiss and on plaintiffs "Motion for Evidentiary Hearing.” For the reasons discussed hereafter, we conclude defendant’s motion should be denied and the matter remanded to the trial division for further proceedings.
Plaintiff Kessler alleges that he, doing business as Crest Packing Company, is the owner of a bank account in Tortola, British Virgin Islands. Kessler further alleges that the certificate of deposit evidencing this account and other personal items were seized pursuant to warrant by agents of the United States Customs Service on July 11, 1972. Certain of those items were returned to Kessler in January 1974, while other items, including the certificate of deposit, were retained by the Government for use in a criminal prosecution against Kessler. Although the certificate of deposit was apparently so used, Kessler ultimately was *473 acquitted in July 1975. Thereafter, Kessler and his counsel unsuccessfully attempted to secure return of the certificate of deposit.[1] Eventually, this suit was filed as a pro se matter on March 23, 1981. The Government alleges in its motion that the petition is time barred under 28 U.S.C. § 2501[2] and should be dismissed. The Government also argues that Kessler’s petition is beyond the jurisdiction of this court in that the petition seeks non-monetary relief. Except in rare circumstances, e.g., actions under 26 U.S.C. (I.R.C.) § 7428(a) (1976 and Supp. II 1978), we have no power to issue declaratory or injunctive relief against the United States. United States v. King, 395 U. S. 1, 4 (1969). As the Government urges, we have often dismissed petitions seeking relief which we have no power to give. E.g., Nelson v. United States, 225 Ct.Cl. 703 (1980). Nevertheless, where a pro se plaintiff appears to have pled facts otherwise within our jurisdiction, it is also appropriate to construe the petition liberally as one for money damages.
One such liberal reading of this petition is that it alleges the Government entered an implied-in-fact contract to return the certificate of deposit at the close of criminal proceedings. See, e.g., Hatzlachh Supply Co. v. United States, 444 U.S. 460, 461 (1980). See also Gordon v. United States, 227 Ct. Cl. 328, 329, 649 F. 2d 837, 838-839 & n.4 (1981); Kirkendall v. United States, 90 Ct. Cl. 606, 613-614, 31 F. Supp. 766, 769-770 (1940). If so, plaintiffs claim would have accrued at the close of criminal proceedings in July 1975. The March 1981 petition would not then be time barred.
A second liberal reading of this petition is that it alleges a taking has occurred for which no just compensation was paid. We have long held, of course, that a taking compensa- *474 ble within the Fifth Amendment occurs when an owner is deprived of the use and possession of property. Steel Improvement & Forge Co. v. United States, 174 Ct. Cl. 24, 29-30, 355 F. 2d 627, 631 (1966); Stafford Ordnance Corp. v. United States, 123 Ct. Cl. 787, 793, 108 F. Supp. 378, 381 (1952). For a compensable taking to occur, however, it is axiomatic that the Government must obtain more than mere custodial possession. Instead, the Government action must deprive the owner permanently of property.
In this regard, we think it critical that property not illegal in itself seized during a criminal investigation should be returned to the rightful owner at the close of the criminal proceedings. See United States v. Wright, 610 F. 2d 930, 935 (D.C. Cir. 1979). See also United States v. LaFatch, 565 F. 2d 81, 83 (6th Cir. 1977), cert. denied, 435 U. S. 971 (1978); United States v. Palmer, 565 F. 2d 1063, 1065 (9th Cir. 1977). As the Government was under an obligation to return the certificate of deposit, it follows that no permanent taking could occur until the Government ceased to hold the property in this manner.[3]
Thus, on appropriate facts, a taking could occur at various times during a criminal investigation. It might occur, as the facts alleged by plaintiff suggest, only when the Government fails to return property at the close of the criminal proceeding. It might occur, as we held in Yokum v. United States, 208 Ct. Cl. 972, 974-975 (1975), cert. denied, 429 U. S. 820 (1976), at the time contraband is seized as the former owner’s dominion over the property will be permanently ended. Or it might occur at some intermediate point when Government action is no longer consistent with mere custody of the property. See King v. United States, 221 Ct.Cl. 838 (1979).
For purposes of this motion, we need not choose between plaintiffs potential claims based on an implied-in-fact contract and on a taking without just compensation. Nor need we decide precisely when, if at all, the alleged taking *475 occurred. It is enough that plaintiff has alleged facts that place the date of either the alleged breach or the alleged taking within six years or the petition’s filing. The Government’s motion must presently be denied. As the determination of whether this petition is timely and therefore within our jurisdiction must necessarily await proof of the matters discussed above, we remand this case to the trial division for a complete resolution.
it is therefore ordered that defendant’s motion to dismiss be and is hereby denied without prejudice. Plaintiffs "Motion for Evidentiary Hearing” will be treated as an opposition to defendant’s motion to dismiss and thus requires no further action. The case is remanded to the trial division for further proceedings consistent with this order.

 The present submissions do not disclose why Kessler and his attorneys simply did not have a new certificate of deposit issued, as could have been done under domestic banking procedures. Whether similar procedures are applicable to Tortola banks, of course, will have a direct bearing on whether the United States entered an implied contract to return the certificate of deposit and on whether a taking of the account has occurred.

 28 U.S.C. § 2501 provides in relevant part:
"§ 2501. Time for filing suit
"Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.”

 The court notes, although we do not deem it presently dispositive, that certain of Kessler’s possessions seized in July 1972 were returned in January 1974, prior to trial. On appropriate facts, a taking might occur at that point, if it was then made clear to someone in Kessler’s position that no further goods would be returned. In that instance, the Government’s continued possession would presumably be inconsistent with mere custody.