**Lance W. FARRELL**

v.

**The UNITED STATES.**

**No. 537–85C.**

United States Claims Court.

April 21, 1986.

Peter S. Herrick, Miami, Fla., for plaintiff.

Platte B. Moring, III, with whom were Asst. Attys. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION

WHITE, Senior Judge.

This case is before the court on the defendant's motion to dismiss the complaint for lack of jurisdiction, filed December 13, 1985, on the plaintiff's opposition to the motion, filed January 9, 1986, and on the defendant's reply, filed January 16, 1986.

### The Facts

On or about December 14, 1974, officers of the United States Customs Service seized a vessel, the "Shalom," at Fort Myers Beach, Florida. The owner of the vessel at that time was Eric Michael Wright.

The boat was seized because it was allegedly used to transport, receive, or conceal approximately 2.2 pounds of marijuana, in violation of 49 U.S.C. §§ 781(a) and 782 and 19 U.S.C. § 1595(a).

After the boat was seized, the Customs Service docked it in the Miami River. Sometime later (the date is uncertain), while the boat was under Government control, it sank.

On June 23, 1981, the plaintiff, Lance W. Farrell, purchased from Eric Michael Wright the latter's interest in the vessel.

On March 23, 1982, the United States filed in the United States District Court for the Southern District of Florida a complaint for the forfeiture *in rem* of the boat.

The plaintiff then filed a counterclaim in the District Court on June 3, 1982, contesting the constitutionality of the seizure. The District Court transferred the counterclaim to the United States Claims Court on September 5, 1985.

Thereafter, on October 2, 1985, the plaintiff filed an amended complaint in this court. The complaint alleges that the boat was taken by the United States without due process, in violation of the due process clause of the Fifth Amendment, and that the plaintiff has suffered damages in excess of $10,000.

The Government's pending motion to dismiss the complaint for lack of jurisdiction is based upon the alleged expiration of the 6-year period of limitations.

### Discussion

■ The statute of limitations applicable to this court provides in pertinent part as follows:

Every claim of which the Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues [28 U.S.C. § 2501 (1982)].

The institution of a court action on a claim against the United States within the

prescribed 6-year period of limitations is a jurisdictional requirement. *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *Parker v. United States,* 2 Cl.Ct. 399, 402 (1983); *Ellis v. United States,* 1 Cl.Ct. 141, 143 (1983). The statute of limitations cannot be waived by the court. *Todd v. United States,* 155 Ct.Cl. 87, 93, 292 F.2d 841, 844 (1961).

■ As a general rule, a claim first accrues when all the events necessary to fix liability have occurred. *L.S.S. Leasing Corp. v. United States,* 695 F.2d 1359, 1365 (Fed.Cir.1982).

■ In the present case, the vessel "Shalom" was seized by the United States Customs Service on or about December 14, 1974, and it was held by the Customs Service at all times thereafter, in violation of whatever property or possessory rights the owner may have had in the vessel. Hence, if the seizure of the vessel was unlawful, all the events necessary to fix the liability of the United States for the unlawful seizure had occurred as of the time of the seizure on or about December 14, 1974. *Cf. Steel Improvement & Forge Co. v. United States,* 174 Ct.Cl. 24, 29–30, 355 F.2d 627, 631 (1966); *Stafford Ordinance Corp. v. United States,* 123 Ct.Cl. 787, 793, 108 F.Supp. 378, 381 (1952).

■ No claim based upon the seizure of the "Shalom" was asserted against the United States in court until the filing by the plaintiff of his counterclaim in the District Court on June 3, 1982. That was approximately 7½ years after the vessel was seized and after any claim based upon the seizure first accrued. By that time, any claim based upon the seizure of the "Shalom" was barred by the 6-year statute of limitations.

■ Moreover, it should be noted that the owner of the "Shalom" at the time of the seizure was Eric Michael Wright, and not the present plaintiff. Assuming for the purpose of discussion that the seizure of the vessel by the Customs Service was wrongful and compensable under the Fifth Amendment, the cause of action for the taking of the boat vested in the then owner, Eric Michael Wright. Mr. Wright's subsequent transfer of his property interest in the vessel to the present plaintiff was ineffective to transfer Mr. Wright's claim against the United States to the plaintiff.

The Assignment of Claims Act (31 U.S.C. § 3727 (1982)) prohibited Eric Michael Wright from transferring to the present plaintiff any cause of action that Mr. Wright might have had based upon the seizure of the "Shalom" by the Customs Service. The Assignment of Claims Act, in effect, prohibits "a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim," unless the claim has already been allowed, the amount of the claim has been decided, and a warrant for payment of the claim has been issued.

Hence, only Eric Michael Wright could have sued the United States for the seizure of the "Shalom," and it was necessary for Mr. Wright to institute an action within 6 years from the date on which the vessel was seized, which he did not do.

### Conclusion

For the reasons previously stated, the court concludes that the plaintiff is not entitled to recover against the United States because of the seizure and the subsequent holding of the vessel "Shalom."

The defendant's motion to dismiss the complaint is therefore granted.

The clerk will dismiss the complaint. No costs.

IT IS SO ORDERED.