*753 "This pro se case comes before the court on defendant’s motion to dismiss and plaintiffs opposition thereto. Plaintiff seeks damages for two different claims. The first is that plaintiff allegedly suffered damages as the result of improper actions taken by the American Express International Banking Corporation (American Express) to collect on plaintiffs debts with the United States Military Bank, which debts had already been discharged through plaintiffs bankruptcy adjudication. Plaintiff finds United States liability, it appears, on the theory that American Express is the agent of the United States because American Express operates the United States Military Bank for the Department of Defense.
"The second is based on the denial of plaintiffs previous claim for damages against American Express by a United States District Court in Tennessee.[1] Plaintiff sued American Express for seeking to collect on the discharged debts. The district court held that American Express had acted improperly, and awarded plaintiff attorney’s fees. No damages were awarded as the court also held plaintiff had failed to prove personal loss. The district court decision was affirmed on appeal by the United States Court of Appeals for the Sixth Circuit. Brown v. American Express Int’l Banking Corp., No. 75-7140 (6th Cir. April 28, 1976).
"Plaintiffs theory, then, with regard to his second claim is (apparently) that the United States is liable for the damages allegedly caused by American Express because the district court failed to grant plaintiff the relief he sought.
"Defendant moves to dismiss the case on several grounds, including plaintiffs failure to state a cause of action within the jurisdiction of this court. We hold for defendant; plaintiffs petition sounds in tort and is, therefore, outside the court’s jurisdiction. 28 U.S.C. § 1491 (1970). We therefore find it unnecessary to reach other grounds for dismissal pressed by defendant.
"Essentially plaintiff is arguing that American Express actions, and the denial of relief by the district court, are somehow the acts of the United States and rise to the level *754 of a Fifth Amendment taking for which just compensation is due. However, even giving this pro se plaintiffs petition a most liberal reading, Hodges v. United States, 213 Ct.Cl. 700 (1977), we cannot discern a claim for just compensation.
"First, we examine plaintiffs claim against American Express as agent for the United States. Whatever the relationship between American Express and the Department of Defense, or indeed whatever argument could be made here regarding the application of collateral estoppel,[2] the simple fact of the matter is that the petition sounds in tort.
"Following American Express’s admittedly improper actions to collect on the discharged debts, such as seizing plaintiffs property, plaintiff had (and in fact pursued) normal tort remedies such as trespass and conversion. Brown v. American Express, supra. The fact that plaintiff is now suing the United States does not ipso facto change his claim into one for just compensation under the Fifth Amendment; it remains a tort action.
"However, such a suit does not lie in this court. 28 U.S.C. § 1491 (1970) clearly states that the Court of Claims does not have jurisdiction over tort claims. Plaintiffs first claim is, therefore, dismissed for lack of jurisdiction.
"Similarly, plaintiffs second cause of action is also barred by lack of jurisdiction. In this claim, plaintiff seeks to hold the Federal Government liable for alleged damages caused by American Express on the theory that the district court in Tennessee and the Sixth Circuit improperly denied plaintiff relief. If plaintiff is asking this court to review the merits of his Sixth Circuit case, he is in the wrong court. Review of a decision of the Sixth Circuit lies only in the Supreme Court; this court, standing equal to the Sixth Circuit, has no power over it.
"If plaintiff is, somehow, requesting this court to hold the district court judge liable for American Express’s actions, then this court still is without jurisdiction. Not only does *755 the suit sound in tort (and is barred by 28 U.S.C. § 1491), but an application of the doctrine of judicial immunity requires dismissal:
Few doctrines [are] more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.
Pierson v. Ray, 386 U.S. 547, 553-54 (1967).
"To summarize, plaintiff has alleged two causes of action. The first sounds in tort and is outside of this court’s jurisdiction. The second, while also sounding in tort, either is in the wrong court or is barred by the doctrine of judicial immunity.
"it is therefore ordered, upon consideration of the briefs and without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.”

 While plaintiff is a civilian employee of the U.S. Army in Germany, he is apparently a resident of Tennessee and his bankruptcy was adjudicated there.

 See, e.g., Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573 (1974); Blonder-Tongue v. University Foundation, 402 U.S. 313 (1971); Outboard Marine Corp. v. Liberty Mutual Ins. Co., 536 F.2d 730 (7th Cir. 1976); Haize v. Hanover Ins. Co., 536 F.2d 576 (3rd Cir. 1976).