"This pro se case is before the court on plaintiffs motion for summary judgment, defendant’s cross-motion for summary judgment, and plaintiffs motion to strike portions of defendant’s cross-motion. Defendant, in its answer filed March 4, 1977, also requested that we dismiss the petition for failure to state a claim within the jurisdiction of this court. Because we agree with defendant on this point, the court, on its own motion, pursuant to Rule 102(b)(1), dismisses the petition.
"By petition filed in this court on January 3, 1977, plaintiff alleges jurisdiction under 28 U.S.C. § 1491, over a claim founded upon 'breach of implied contract and malicious application of an executive department regulation.’ This court, however, does not have jurisdiction over contracts implied in law or claims sounding in tort.
"Plaintiff is a civilian employee of the United States Army who, during the time covered by this complaint, occupied Government dormitory quarters in Frankfurt, West Germany. There is no dispute as to these facts: The Government retained a duplicate key to plaintiffs quarters; the Government employed maids and it was within the scope of their employment to unlock dormitory rooms when inspection, cleaning, or maintenance was required; and, on November 3, 1975, a dormitory maid did (with plaintiffs consent) unlock plaintiffs room while plaintiff was. not there.
"Plaintiff alleges that the maid unlocked his door, left maintenance personnel alone in the room while she went *958 on about her business, and then failed to maintain surveillance over his property during that time the room was open. Plaintiff asserts that he lost $1,480.29 in cash which he had been keeping in his room.
"Plaintiffs first argument is that the maid breached a contractual duty to safeguard his property. Plaintiff claims that there is an 'implied contract’ arising out of the use of the duplicate key. An implied contract, to give jurisdiction to the Court of Claims, must be implied in fact. Mere retention of a duplicate key, as alleged here, does not give rise to any inference of tacit understanding so as to create a contract implied in fact. If plaintiff is alleging a contract implied in law, then his claim is beyond the jurisdiction of this court. Merritt v. United States, 267 U.S. 338 (1925); Algonac Mfg. Co. v. United States, 192 Ct.Cl. 649, 428 F.2d 1241 (1970).[1]
"Plaintiffs second argument is that his statutory claim for compensation (which he alleges under 10 U.S.C. § 2733, 28 U.S.C. §§ 2671-2680, and 31 U.S.C. §§ 240-243) was denied "maliciously.” This court has no jurisdiction over claims sounding in tort. 28 U.S.C. § 1491.[2] Plaintiff does not ask that we transfer this case to the district court.
*959 "Since the petition does not allege a cause of action within our jurisdiction, we deny plaintiffs motion for summary judgment and deny plaintiffs motion to strike. For the same reason, we find it unnecessary to reach the legal issues raised by the Government in its cross-motion for summary judgment.[3]
"IT IS HEREBY ORDERED, upon consideration of the pleadings, briefs, and motions, and without oral argument, that plaintiffs motion for summary judgment is denied and plaintiffs motion to strike is denied. We do not reach defendant’s cross-motion for summary judgment. Plaintiffs petition is dismissed for failure to state a claim within the jurisdiction of this court.”
Plaintiffs motion for reconsideration was denied February 3, 1978.

 "The distinction bet- /een contracts implied in fact and implied in law has been defined in 17 C.J.S. Contracts § 4 (1963) as follows:
* * * Thus a contract implied in fact is a true contract, the agreement of the parties being inferred from the circumstances, while a contract implied in law is but a duty imposed by law and treated as a contract for the purposes of a remedy only. Another distinction * * * lies in the fact that, * * * in the case of contracts implied in fact, there must be an assent of the parties, as in express contracts, whereas * * * in the case of contracts implied in law, or, more properly, quasi or constructive contracts, such element of assent is lacking.
The distinction has also been stated that a contract implied in fact is an implied contract in which the intention is ascertained and enforced, while a contract implied in law is a mere fiction, the intention being disregarded, and the quasi contractual obligation being imposed by law to bring about justice, without regard to the intention of the parties. * * *
This court does not have jurisdiction of claims based upon contracts implied in law.” Algonac Mfg. Co. v. United States, 192 Ct.Cl. 649, 674, 428 F.2d 1241, 1255-56 (1970).

 This petition does not plead sufficient facts from which we can construe an action even colorably within our jurisdiction. Liberally construing this pro se petition as including an assertion that denial of plaintiffs statutory claim was an abuse of discretion, we are without sufficient allegations as to how, precisely, the Department of the Army might have erred. One of the statutes upon which plaintiff relies explicitly denies any award upon a finding of contributory neglience; plaintiffs contributory negligence is the ground on which the Army based its decision. Far from being 'erroneous as a matter of law,’ the Army’s disposition of this case seems *959 to be just what the statute contemplated. 31 U.S.C. § 241(c)(3).

 The Government asserts that Congress has precluded judicial review under the statutes involved. The Government also maintains that this case is governed by Testan v. United States, 424 U.S. 392 (1976). We do not address either contention, neither preclusion of judicial review, nor the rather extravagant reading of Testan which is advanced by the Government.