Plaintiff, pro se, has petitioned for back pay as a former civilian employee of the United States Army and for other relief. This case is presently before the court on crossmo-tions for summary judgment. Having reviewed the pleadings, briefs, and other submissions, but without oral argument, we deny both motions and remand the case to the trial division.
Plaintiffs claims in this case arise out of a series of events that occurred after his employment as a civilian employee of the United States Army in 1971. His petition alleges that the claims are based upon the Veterans’ Preference Act, the Civil Service Act, the Civil Rights Act, and various provisions of the Constitution. These claims are related and, in some respects, appear to be identical to claims brought by plaintiff and others before this and other courts. Brown v. United States, Ct. Cl. No. 490-76; Brown v. United States, United States District Court for the District of Columbia, Civil Action No. 79-230, slip opinion of October 31,1979, appeal dismissed October 17,1980, by the United States Court of Appeals for the District of Columbia (No. 79-2383); and Werner v. United States, 218 Ct.Cl. 746 (1978), cert. denied, 441 U.S. 963 (1979). In Brown v. United States, Ct. Cl. No. 490-76, supra, plaintiff petitioned for certiorari for Supreme Court review of this court’s order 217 Ct.Cl. 710 (1978), cert. denied, 440 U.S. 948 (1979), rehearing denied, 441 U.S. 918 (1979). His remaining claims in No. 490-76 are still pending before the trial division of this court.
The petition fails to conform to Rule 35 in that it does not make a clear and concise statement of the facts on which each claim is based nor does it show the facts on which the court’s jurisdiction is based. Plaintiff submits a lengthy narrative affidavit in support of his motion, but he leaves many matters, and particularly the jurisdiction of the court, in complete obscurity. The cross-motions are, therefore, premature and consideration should be given to *691 consolidation of this case with No. 490-76 for further proceedings at the trial level.
it is therefore ordered that both plaintiffs motion for summary judgment and defendant’s cross-motion for summary judgment are denied withot prejudice. The case is remanded to the trial division for clarification of pleading and consideration of consolidation of No. 490-76 and No. 561-79C and for further proceedings before a trial judge.