PER CURIAM:
This case is before the court without oral argument on defendant’s motion for summary judgment. Plaintiffs pro se petition seeks damages in the amount of $8,914,000 for breach of "express contracts” allegedly entered into by clerks of the United States Court of Appeals for the Ninth Circuit. Pursuant to those "contracts,” the clerks of that court promised plaintiff, in consideration of his filing fees, the clerks would "set dates for oral argument and * * * obtain circuit judges’ decisions on Petitioner’s appeals.” These "contracts,” plaintiff continues, were allegedly breached when no oral arguments were set and when per curiam decisions, rather than signed decisions, were entered.
Plaintiffs petition is so patently frivolous that it is beyond our subject matter jurisdiction. See Ralston Steel Corp. v. United States, 169 Ct. Cl. 119, 125 & n.4, 340 F. 2d 663, 667 & n.4, cert. denied, 381 U. S. 950 (1965). See also Somali Development Bank v. United States, 205 Ct. Cl. 741, 752, 508 F.2d 817, 823 (1974) (Kashiwa, J., concurring). Any responsibilities toward litigants that the clerks of the Ninth Circuit might assume are those expressly or implicitly required by law. This court has no jurisdiction over contracts implied in law. Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 164-65, 655 F.2d 1047, 1059-1060 (1981), and cases cited thereat. To the extent the petition seeks review of actions by the Ninth Circuit or its officers, this court is wholly without such jurisdiction. See Brown v. United States, 214 Ct. Cl. 752, 754 (1977). See also Vaitkus v. United States, ante at 815, 816 n.1.
*1057 it is therefore ordered that defendant’s motion for summary judgment be and is hereby granted. The petition is dismissed.