**James E. BROWN, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 84–1135.**

United States Court of Appeals, Federal Circuit.

Aug. 29, 1984.

James E. Brown, APO, New York, pro se.

Michael T. Paul, Washington, D.C., for appellee.

Before DAVIS, BENNETT and MILLER, Circuit Judges.

PER CURIAM.

This appeal is from two judgments of the United States Claims Court. *Brown v.*

*United States,* 3 Cl.Ct. 31 (1983); 5 Cl.Ct. 1 (1984). The two judgments relate to different counts of a 10-count petition. By consent of the parties the appeal was submitted on the briefs, without oral argument. We affirm.

Appellant, James E. Brown, pro se, in a petition filed May 17, 1982, amended December 2, 1982, asserted 10 counts alleging, in part, entitlement to reimbursement of travel, transportation, relocation expenses, vacation leave, compensatory damages, back pay, and reinstatement. Appellant has alleged arbitrary, capricious, and illegal actions by the Department of the Army which gave him intermittent employment as a civilian employee in the Republic of West Germany beginning in June 1964. In a decision by the United States Court of Claims, March 5, 1982, appellant was awarded $1,000 in back pay and credit for 12 hours of leave arising out of an adverse job action in 1973. Further relief has been denied in a series of administrative and court decisions over a period of 13 years. The readily ascertainable published federal court decisions in *Brown v. United States* are:

(1) 566 F.2d 1188, 214 Ct.Cl. 752 (May 13, 1977);

(2) 566 F.2d 1199, 215 Ct.Cl. 957 (Nov. 11, 1977);

(3) 217 Ct.Cl. 710 (June 27, 1978), *cert. denied,* 440 U.S. 948, 99 S.Ct. 1428, 59 L.Ed.2d 637 (1979), *rehearing denied,* 441 U.S. 918, 99 S.Ct. 2021, 60 L.Ed.2d 391 (1979);

(4) 226 Ct.Cl. 689 (Feb. 20, 1981), *petition dismissed,* 231 Ct.Cl. 995 (Sept. 17, 1982);

(5) 230 Ct.Cl. 735 (March 5, 1982);

(6) 230 Ct.Cl. 739 (May 7, 1982);

(7) 231 Ct.Cl. 995 (Sept. 17, 1982);

(8) 3 Cl.Ct. 31 (July 14, 1983) (9 of 10 counts in new petition dismissed— Count VI remaining);

(9) 3 Cl.Ct. 409 (Sept. 20, 1983);

(10) 5 Cl.Ct. 1 (Mar. 7, 1984) (Count VI dismissed);

(11) 5 Cl.Ct. 16 (Apr. 18, 1984) (denial of motion for reconsideration of Nos. (8) and (10), above).

In addition to the foregoing, certain claims by appellant against the government were asserted in the United States District Court for the District of Columbia in 1979 and 1980 and were decided by orders on October 27, 1981, and July 16, 1982. There was one appeal to the United States Court of Appeals for the District of Columbia Circuit on claim 7, which was decided by order and an unpublished memorandum opinion dated May 23, 1983. In 1976 appellant also litigated in the district court in Tennessee and in the Sixth Circuit.

On the instant appeal, we consider only those matters addressed by the Claims Court decisions. The seven Court of Claims decisions pertain to related matters. It has been characteristic of appellant's litigation that almost every time he fails he attempts to relitigate issues previously decided against him and amends his pleadings or seeks to reopen the entire case with multiple new claims. The Claims Court described the protracted litigation as "vexatious." Most of the counts in the Claims Court were dismissed as barred by the statute of limitations.

Appellant presents the current appeal in two parts, each addressing the Claims Court opinions. As to the March 7, 1984 decision, the court considered only claim 6, all other counts having previously been dismissed. Certain claims for renewal agreement transportation expenses in 1976, 1978, and 1980 were held not barred because they were continuing claims, and that portion of home leave purportedly earned within 6 years of the May 17, 1982 filing date was likewise preserved.

It is provided in 5 U.S.C. § 5728(a) (1982) that an agency shall pay expenses of round-trip travel of an employee "from his post of duty outside the continental United States, Alaska, and Hawaii to the place of his actual residence at the time of appointment or transfer to the post of duty, after he has satisfactorily completed an agreed period of service outside the continental

United States, Alaska, and Hawaii and is returning to his actual place of residence ...."

■ The appellee opposed any allowances because of its view that appellant's actual place of residence on the governing date in August 1971 was in Germany. To resolve the fact issue, the Claims Court conducted a 2-day trial in September 1983. The court made findings of fact and concluded that appellant was not entitled to any relief under count 6. The court stated that Brown "has not shown by creditable evidence that his place of actual residence at the time of his appointment was in the United States, nor has he shown his entitlement to home leave." The result was held to be mandated by the statute and related regulations cited by the Claims Court, and by analogy to published interpretations by the General Accounting Office and comparable interpretations of Treasury Regulations concerning actual residence.

Appellant now proceeds under the mistaken impression that the Claims Court decided he was a legal resident of Germany. Since he was actually residing in Germany when appointed, he was not entitled to the benefits claimed under 5 U.S.C. §§ 5728, 6305 (1982). Actual residence is actual physical presence in a location for an extended period and differs from legal residence. Before August 1971 appellant resided in Germany with his German wife for 6 years 9 months. It does not avail him that he may have paid taxes in the United States or maintained a voting eligibility here during his actual residence abroad. We agree with the facts and the law as stated by the Claims Court.

In further reference to the March 7, 1984 decision, appellant challenges it in some 14 particulars, including procurement of the decision by perjury and fraud, issues not submitted to the Claims Court. We see no need to discuss these issues, having carefully examined what the Claims Court has ruled on and discussed in minute detail. We affirm its judgment on the basis of its discussion.

Appellant has demanded that if we do affirm, we remand for a determination of the benefits and tax refunds he is entitled to as a legal resident of West Germany. We decline to do so, no such claim being before us or shown to be an entitlement by existing law under the facts of this case. It is too late to raise such issues now.

Next, we turn to the appeal of the July 14, 1983 judgment of the Claims Court. Here appellant alleges 16 matters, including fraud, bill of attainder, taking, violations of the Veterans' Preference Act, denial of an "absolute right to appointment," denial of property rights, and denial of opportunity for a full and fair chance to litigate. Again, we feel it unnecessary to retread the path so carefully and patiently explored by the Claims Court. We have examined its two lengthy published opinions and its detailed attention to all the charges made by appellant and conclude the findings of fact are not clearly erroneous and that the law has been correctly applied. There is only one matter we believe merits discussion here.

■ In count 7 appellant alleged, among other things, that he was removed from service without cause or due process in 1978 and again in 1979 and was barred from consideration for future appointment in violation of the Veterans' Preference Act. Therefore, he claimed certain benefits such as travel expenses. This was the same claim made in the District Court for the District of Columbia on January 23, 1979. In its order dismissing the action on October 27, 1981, the district court found that appellant's appointment was a limited one, not to exceed December 8, 1978; that 3 days after this expiration date the Army retroactively extended the appointment; and that Brown in fact received at least two subsequent reappointments to the same or higher positions without any break in employment. Thus, the district court dismissed the claim as moot. The Claims Court dismissed count 7 on the grounds of res judicata. 3 Cl.Ct. at 44–45.

On May 8, 1980, appellant filed a second suit in the district court against the Secretary of the Army. He alleged, *inter alia,* discriminatory denials of promotions and a variety of other employment related injuries. Numerous federal statutes were relied on, including title VII of the Civil Rights Act of 1964. On July 16, 1982, the district court granted the government's motion for summary judgment without a statement of reasons.

On appeal of the second district court judgment of dismissal, the government defended on the theory of collateral estoppel, stating it had already been decided in 1981 that appellant had neither applied for nor was denied reemployment and that the issue of whether he was denied reemployment or promotion could not be raised again. The Court of Appeals for the District of Columbia Circuit held on May 23, 1983, that the finding in the prior case was obscure but that, in any event, since appellant was pro se and his complaint ambiguous and collateral estoppel had no relation to a title VII discrimination complaint, the case would be remanded for still further proceedings. The court did caution that: "If, in his amended complaint appellant asserts any claims founded on his prior charges pertaining to denials of reemployment, the District Court may properly order dismissal as to such claims on the ground of collateral estoppel." Otherwise, and except for title VII claims, the judgment of the district court was affirmed.

Appellant now states that it was error for the Claims Court not to have recognized in its July 14, 1983 opinion that collateral estoppel was not a bar to proceeding there because the Court of Appeals for the District of Columbia Circuit said on May 23, 1983, that collateral estoppel was no defense. We are not shown that the latter decision was called to the attention of the Claims Court. We have noted the memorandum opinion was not published. It is clear to us that the first district court decision did deal with that part of count 7

pertaining to appellant's claim of illegal removal and bar from reemployment and promotion, and that the Claims Court was fully justified in relying on collateral estoppel in dismissing it. We agree with the District of Columbia Circuit to the extent that the second district court judgment, which stated no reasons for it, would be inadequate on which to base collateral estoppel. But, the first district court finding that appellant received appointments and reappointments cannot be and is not denied on the record in the case. This alone moots appellant's claim of entitlement to benefits. Other points made under count 7 need not be discussed as we agree with the findings and legal analysis of the Claims Court thereon. 3 Cl.Ct. at 45. We affirm the Claims Court judgments of July 14, 1983, and March 7, 1984.

One final matter must be discussed. Appellant's claims have been reasserted time and again for he does not take "no" as an answer. His prolix papers have relied on a potpourri of federal statutes and regulations, as pointed out by the District of Columbia Circuit in its memorandum opinion. But, his arguments are specious. By using the approach of multiple claims and charges and citing almost every conceivable source of federal remedy under the statutes and the Constitution, appellant has succeeded in getting 17 decisions on his complaints, 12 of them now in published orders or opinions. His arguments have been flagrantly redundant if not frivolous, and they smack of harassment. He has required the attention of 16 federal judges on 30 occasions. Some judges have sat on more than one of his cases since part of his litigation technique has been piecemeal litigation. It is impossible to escape the conclusion that the judicial process has been badly abused by appellant Brown. This waste of judicial resources must now come to an end. Defense against his vexatious attacks on the United States for perceived wrongs has doubtless cost the government more than his claims are worth if paid. There is a tool used by federal courts,

including the Supreme Court, to stop "recreational litigators," especially one perceived to be an "inveterate and devious pro se litigator." Appellant would do well to judge his future course of conduct with the following precedents and authorities in mind: *Tatum v. Regents of Nebraska,* —— U.S. ——, 103 S.Ct. 3084, 77 L.Ed.2d 1346 (1983) (order invoking sanctions under Sup. Ct.R. 49.2); *Wright v. United States,* 728 F.2d 1459 (Fed.Cir.1984); *Beachboard v. United States,* 727 F.2d 1092 (Fed.Cir. 1984); *Asberry v. United States Postal Service,* 692 F.2d 1378 (Fed.Cir.1982); 28 U.S.C. §§ 1912, 1927 (1982); FED.R.APP.P. 38. Additional authorities may be found in those cited here.

*AFFIRMED.*