Carl CRONK, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 63–87C.

United States Claims Court.

June 25, 1987.

Miles H. Appleberry, San Antonio, Tex., for plaintiff.

Joseph A. Kijewski, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Sherry A. Cagnoli, Karen A. Intrater and Geoffrey A. Drucker, U.S. Postal Service, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss, plaintiff's opposition and motion for corrective order, and defendant's opposition to plaintiff's motion for corrective order.

Plaintiff had been employed in the United States Postal Service (USPS) and its predecessor, the United States Post Office, in Portland, Maine. In January 1979 he requested a transfer to the San Antonio, Texas Post Office, but that request was denied on the basis of his physical inability to perform the work. On May 11, 1979 plaintiff filed a discrimination complaint based upon race and handicap against the USPS. Eight months later, on January 28, 1980, plaintiff and USPS agreed that:

> Mr. Carl Cronk will be scheduled for a medical examination by a certified orthopedic medical doctor, at Postal Service expense, to determine his physical suitability for Postal employment, subject to review by the Postal Area Medical Officer.

> Mr. Cronk will be offered Postal employment at the San Antonio Post Office if physically qualified. If not physically qualified, he withdraws this [discrimination] complaint.

Dr. Robert L. Jones, a certified orthopedist, examined plaintiff and found him unfit for the duties of a mail handler or city carrier. He did not find that plaintiff was unable to perform all postal jobs for which he was qualified. Thereafter, the USPS Medical Officer determined that plaintiff "would not be medically suitable for any job requiring heavy lifting, pushing or pulling such as a clerk, carrier, custodian, or mail handler." Based on those findings and "an overall review of [the] case", the USPS General Manager, Employee Relations Division, Southern Regional Office, Memphis, Tennessee, refused to reinstate or reassign plaintiff to any position in the San Antonio Post Office. Concurrently, plaintiff received notice of intent to remove him from the USPS from the Management Sectional Center, Portland, Maine. Plaintiff then filed for a disability retirement on May 2, 1980 which was denied by USPS. Plaintiff was removed from the USPS and on December 24, 1981 filed an appeal with the Merit Systems Protection Board

(MSPB), Dallas Regional Office, challenging the disallowance of his application for disability retirement. The MSPB found that plaintiff had failed to establish by a preponderance of the evidence that he was disabled. That decision became final on May 7, 1982.

Based upon a logical interpretation of the medical report, that plaintiff was not unable to perform all postal related work, and the MSPB decision that plaintiff was not totally disabled, plaintiff on June 17, 1982, requested that the USPS honor its settlement agreement with him and offer him a position in San Antonio. Defendant refused.

On November 5, 1982 plaintiff submitted a petition for filing addressed to the United States Claim (sic) Court. Apparently, through clerical error, the petition bearing the caption *"Carl Cronk v. Postal Service"* was delivered to the Clerk of the United States Court of Appeals for the Federal Circuit which is located at the same address as this court. The Clerk of the Court of Appeals assumed that plaintiff's petition was in the nature of an appeal from the MSPB decision of May 7, 1982 and, on November 9, 1982, returned it to counsel for plaintiff as being filed out of time.[1] On November 17, 1982 counsel for plaintiff wrote to this court advising that the petition would be delivered under separate cover and that it was not an appeal from the MSPB decision but for breach of the January 28, 1980 settlement agreement (contract) between plaintiff and USPS.

Records show that on November 19, 1982 a petition again bearing the caption *"Carl Cronk v. Postal Service"* was received at this court. The petition was not in conformity with the rules of this court and on the same date as receipt the Clerk of this court telephoned plaintiff's counsel of record to so advise him. Counsel was not reached and a message was left to return the Clerk's telephone call. The telephone call was not returned and several days later the petition was returned unfiled to counsel for plaintiff. On July 5, 1983 the court received another petition bearing the caption *"Carl Cronk v. United States Postal Service."* That petition was likewise deficient in that the $60.00 filing fee was not included, RUSCC 77(k)(2), and the caption was incorrect. The Clerk again telephoned counsel for plaintiff to inform him of the deficiencies, but counsel was not available. Again, a request was made for him to return the Clerk's telephone call and, again, it was not returned. The July 5, 1983 petition was likewise returned to counsel for plaintiff on July 8, 1983. The court notes that plaintiff's attempted filing of the petition in 1983 is clear proof that plaintiff had knowledge that the petition had not been filed in 1982. It is also noted by the court that had plaintiff perfected his filing in 1983 he would not now be facing the bar of the statute of limitations.

■ Following plaintiff's 1983 unsuccessful attempt to file the petition, nothing more was heard from plaintiff until February 5, 1987 when "Plaintiff's Original Complaint," correctly drafted and submitted, was received and filed by this court. On April 3, 1987 defendant moved to dismiss the complaint as untimely filed.[2] On April 23, 1987 plaintiff moved to have the filing date of the complaint "corrected" to show that it was filed on or about November 27, 1982 which would correspond to plaintiff's aborted attempted filing of November 17, 1982. This, the court cannot do. As seen, plaintiff attempted to file his petition twice, in 1982 and 1983, but was not successful. To wait four years, knowing that the petition had not been filed is inexcusable and flies in the face of the very reason for the six-year statute of limitations, to wit: "[A]n individual is expected to act with reasonable diligence in the protection of his interests...." *Mitchell v. United States,*

---

1. The jurisdictional statute of the United States Court of Appeals for the Federal Circuit, in effect at that time, required that a petition for review of the MSPB's decision be filed within 30 days from the date the final decision was received. 5 U.S.C. § 7703 (1982).

2. The statute of limitations provision states that: "Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1982).

10 Cl.Ct. 63, 67 (1986), *modified in part,* 10 Cl.Ct. 787. This six-year statute of limitations is a jurisdictional requirement that must be interpreted narrowly and may not be waived by the court. *Farrell v. United States,* 9 Cl.Ct. 757, 758–59 (1986). Even if it were so inclined, the court may not grant plaintiff's motion to "correct" the effective date of the filing of the complaint. It would be an abuse of discretion for this court to extend a filing deadline due to an attorney's oversight or mistake. *Prestex v. United States,* 4 Cl.Ct. 14, 16–17 (1983), *aff'd,* 746 F.2d 1489 (Fed.Cir.1984).

 The court will now address the timeliness of the 1987 filing to determine if the complaint was filed within or without the six-year statute of limitations. To do so, the court must determine when the claim first accrued. 28 U.S.C. § 2501 (1982). All of the events necessary to fix the apparent liability of the United States for its breach of the January 28, 1980 agreement had occurred by April 17, 1980 when the USPS General Manager, Employee Relations Division, Southern Regional Office, informed plaintiff that he would not be reinstated nor reassigned to any position in the San Antonio Post Office. *See LaMear v. United States,* 9 Cl.Ct. 562, 569 (1986), *aff'd* 809 F.2d 789 (Fed.Cir.1986). This finding is buttressed by plaintiff's own words in the 1987 complaint that "[b]eginning on April 17, 1980, defendant refused to abide by the January 1980 [contract]." Plaintiff's time for filing expired on April 17, 1986. Almost seven years lapsed between April 17, 1980 and February 5, 1987. Thus, plaintiff failed to act within the time permitted and is now time-barred from bringing suit.

Plaintiff's arguments that the cause of action occurred at a later date are without merit. Plaintiff may well have later appealed or requested reconsideration of the April 17, 1980 decision within the USPS. However, the evidence is clear that the USPS was firm in its position and that the denial was not open to further discussion. Plaintiff cannot be permitted to change the date his claim accrued, or toll the statute of limitations, by filing documents after the fact which would purport to reopen the matter. Nor does plaintiff's action before the MSPB alter the fact that his claim before this court accrued on April 17, 1980. Plaintiff's action before the MSPB was based on the USPS denial of disability retirement and not the settlement agreement of his discrimination complaint. Plaintiff's claim did not accrue on a later date as he may have thought; it occurred on the date found by this court after review of all the pertinent documents, facts and arguments. It is the court that must determine the nature of the action. *Maier v. Orr,* 754 F.2d 973, 982 (Fed.Cir.1985), *reh. denied,* 758 F.2d 1578. Plaintiff cannot escape his inadvertent admission against self-interest that the claim accrued on April 17, 1980. As indicated, that admission buttresses the court's own findings, leaving no question that the claim accrued on that date.

After thorough analysis of the facts and law applicable to the issues, the court denies plaintiff's motion to order the date of filing of the complaint to be changed from February 5, 1987 to on or about November 27, 1982, and grants defendant's motion to dismiss the complaint as untimely filed. The Clerk is ordered to enter judgment dismissing the complaint. No costs.

IT IS SO ORDERED.