**A.B. JONES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 168–88C.**

United States Claims Court.

May 23, 1989.

James G. Kolb, Rockville, Md., atty. of record for plaintiff.

Martha H. DeGraff, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

*Introduction*

This case is presently before the court on the defendant's motion to dismiss under RUSCC 12(b) for lack of subject matter jurisdiction and failure to file a complaint within the six-year statute of limitations, 28 U.S.C. § 2501.

Plaintiff, A.B. Jones, was dismissed from his position as a mail distribution clerk for the United States Postal Service (USPS) because of his consistent poor attendance record. Following thereon, he filed a complaint alleging racial discrimination with the Equal Employment Opportunity Commission (EEOC) which ordered USPS to reinstate Jones with back pay.

USPS ignored EEOC's order to reinstate and pay Jones and sought by motion a re-opening of the case, which was granted, after which the EEOC reversed itself. Jones appealed said reversal to the United States District Court for the District of Columbia, which in turn transferred it to the U.S. District Court for the Eastern District of Virginia. That court ruled in favor of the USPS.

Thereafter, plaintiff requested the EEOC again, on November 20, 1984, to enforce its earlier decision (August 10, 1981) awarding Jones temporary reinstatement and back pay pending the rehearing. He was denied. Jones then filed a complaint in this court on March 15, 1988. After carefully analyzing Jones' complaint and the pleadings, the court finds that it lacks subject matter jurisdiction over the case, and, additionally, that Jones also failed to meet the six-year statute of limitations period of 28 U.S.C. § 2501.

*Facts*

Plaintiff Jones began his employment with the USPS at the National Airport mail facility as a distribution clerk in February 1969. Commencing in 1976, and continuing through January 1989, Jones' attendance record fell to an unacceptable level due to his absence from work. For example, from August through December 1977, he took 131 hours of sick leave as well as 24 hours of emergency annual leave. All such leave was approved and none was AWOL. Because of the foregoing, Jones was suspended from work for seven days in September 1976 and for 14 days in July 1977. Following the latter suspension, Jones filed a grievance with the American Postal Workers Union, to which he belonged, and also filed a complaint with the EEOC. The 14-day suspension was, thereafter, reduced to seven days according to a pre-arbitration agreement.

After a short period of improvement, Jones' attendance record once again became intolerably poor. Finally, on February 23, 1978, Jones received a notice of removal, effective March 1, 1978. The USPS cited Jones' failure to be in regular attendance as the basis for the removal.

On March 1, 1978, Jones filed a second complaint with the EEOC alleging racial discrimination on the part of the USPS. The EEOC made an initial determination in favor of the USPS on October 31, 1980. However, on August 10, 1981, the EEOC issued a final decision in favor of Jones, and ordered the USPS to restore Jones to his position with back pay from March 1, 1978.

The USPS failed to follow the EEOC's order to reinstate Jones with back pay. Instead, it merely filed, on September 11, 1981, a request to re-open the case. This request was granted by the EEOC, which thereafter revised its earlier decision and ruled on April 1, 1983, that the USPS had a legitimate, non-retaliatory reason for discharging Jones.

Jones then filed suit in the United States District Court for the District of Columbia, alleging racial discrimination and requesting the court to enforce the EEOC's earlier order requiring the USPS to restore him to his position with back pay. Said court transferred the case to the District Court for the Eastern District of Virginia.

On October 2, 1984, the District Court for the Eastern District of Virginia found that Jones' dismissal was based on legitimate, non-discriminatory reasons and, as a consequence, dismissed the case. As to Jones' request for back pay and restoration, the court stated that it lacked jurisdiction to issue such an order, in that it was possessed with power of only a *de novo* review and not appellate review. Because of such, the court concluded that Jones should make such a request for restoration and back pay to the EEOC.

Rather than appeal the District Court's decision, Jones, on November 20, 1984, wrote a letter to the EEOC requesting that it enforce its order of August 10, 1981, regarding back pay and reinstatement for the interim period from March 27, 1978 to October 2, 1984. In a decision dated May 6, 1985, the EEOC stated its refusal to order retroactive back pay "at this late date" because Jones did not request such relief when the August 10, 1981 decision was issued.

Jones then filed the present action in this court on March 15, 1988, claiming that he is entitled to reinstatement for the limited period, *supra*, as well as back pay under the Back Pay Act.

## Contentions of the Parties

### i. Defendant

Defendant has moved for a dismissal under RUSCC 12(b). According to defendant, the Claims Court lacks jurisdiction over plaintiff's claim for restoration and back pay because such claim is based solely upon an alleged violation of a United States Postal Service regulation which, for two reasons, does not serve as a basis for Tucker Act jurisdiction. First, in order for Jones to properly bring a claim under the Tucker Act, 28 U.S.C. § 1491, he must allege a violation of a statute or regulation that expressly mandates the payment of money, and neither the statute nor the regulation under which Jones claims jurisdiction does so. Second, the court can assume Tucker Act jurisdiction *only* over regulations of "executive departments." Because the EEOC is not an executive department, says defendant, the court has no jurisdiction over alleged violations of 29 C.F.R. § 1613.235(b).

Furthermore, argues defendant, the Back Pay Act, 5 U.S.C. § 5596, is not a "money mandating statute" for purposes of conferring on the court Tucker Act jurisdiction over this claim. That is to say, 5 U.S.C. § 5596 does not, *ipso facto*, provide the court with substantive jurisdiction to hear this claim, but it must also rest upon a statute or regulation that falls under the court's Tucker Act jurisdiction, 28 U.S.C. § 1491. Moreover, argues defendant, the nub of this matter leads inescapably to the conclusion that the prayer here stems solely from alleged racial discrimination in vio-

lation of Title VII, 42 U.S.C. § 2000e et seq.

Lastly, argues defendant, Jones has failed to meet the six-year statute of limitations imposed by 28 U.S.C. § 2501, and his claim is also jurisdictionally time barred.

### ii. Plaintiff

Plaintiff's response to defendant's motion to dismiss is that his claim here is not premised on alleged employment discrimination, but rather, it is based upon an alleged violation of plaintiff's right to an award of back pay (5 U.S.C. § 5596) and restoration conferred by regulation, 29 C.F.R. §§ 1613.235(b) and 1613.237(b), of the EEOC, which plaintiff contends is an "executive department." For support, plaintiff cites to a publication entitled—*United States Government Manual*—for the proposition that the EEOC is an executive department under 5 U.S.C. § 105. Given such, plaintiff concludes, this court has Tucker Act jurisdiction over his claim because the regulation, *supra*, is one of an executive department, and in conjunction with 5 U.S.C. § 5596, it empowers this court with subject matter jurisdiction pursuant to 28 U.S.C. § 1491.

Turning to defendant's argument that §§ 1613.235(b) and 1613.237(b) are not regulations mandating compensation, plaintiff argues that, pursuant to a determination by the EEOC, he had a right to reinstatement and back pay. As a consequence, plaintiff concludes that the Claims Court has Tucker Act jurisdiction under the Back Pay Act, 5 U.S.C. § 5596, in that his rights under that Act stem from 29 C.F.R. §§ 1613.235(b) and 1613.237(b).

### Issues

In determining whether the court has jurisdiction over Jones' claim, we must address the following issues:

I. Whether the EEOC is an "executive department," as that term is used under the Tucker Act, 28 U.S.C. § 1491, so that a claim based on its regulations will duly establish jurisdiction in this court;

II. Whether the court, under 28 U.S.C. § 1491(a)(1), has jurisdiction over Jones' claim solely under the Back Pay Act, 5 U.S.C. § 5596, or in conjunction with 29 C.F.R. §§ 1613.235(b) and 1613.237(b); and

III. Whether Jones' claim is barred by the statute of limitations, 28 U.S.C. § 2501.

*Discussion*

RUSCC 12(b)(1) provides that a defense of lack of jurisdiction over the subject matter may be presented by motion. The government has properly done so here, given the foregoing issues raised challenging the court's power to exercise Tucker Act jurisdiction over Jones' claim. We shall, therefore, address each issue *seriatim*.

A. Is the EEOC an executive department?

 Under the Tucker Act, 28 U.S.C. § 1491, the Claims Court has subject matter jurisdiction:

> [T]o render judgment upon *any* claim against the United States founded either upon the Constitution, or *any Act of Congress* or *any regulation of an executive department*, or upon any express or implied contract with the United States....[1]

28 U.S.C. § 1491(a)(1) (emphasis added). It is the underscored language upon which Jones relied to bring his claim before the court. Because plaintiff claims that the USPS violated a regulation of the EEOC (*i.e.*, of an executive department) by refusing to restore him to his previous position with back pay pursuant to the EEOC's order of August 10, 1981, we must first determine whether the EEOC is an "execu-

---

**1.** As the Supreme Court held in *United States v. Testan,* any federal statute or regulation relied upon by a plaintiff must be such that it "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Here, Jones claims that 29 C.F.R. §§ 1613.235(b) and 1613.237(b) can be so interpreted. The court, for purposes of deciding this motion, is receptive to such argument, *i.e.*, that it may be fairly interpreted as money mandating. However, this conclusion is not dispositive of our analysis, *infra*.

tive department," as the Tucker Act requires. *Id.*

Jones prefaces his analysis, in this regard, by contending that "[t]he EEOC is an independent establishment and part of the federal executive branch according to United States Government Manual (1980–1981 ed.), pp. 495–720, and thus an executive agency under 5 U.S.C. § 105." Unfortunately for Jones, the fact that the EEOC is an "independent establishment and part of the federal executive branch" begs the ultimate question—whether it is in fact and in law an "executive department" as contemplated by 28 U.S.C. § 1491. The following language of Judge Kozinski in *Connolly v. United States, infra,* is not only illuminating but dispositive of this issue:

> The term "executive department" is not defined within Title 28, but section 451 defines "department" by reference to the definition in Title 5 of the Code, "unless the context shows that such term was intended to describe the executive, legislative, or judicial *branches* of the government."

Nothing in section 1491 suggests that the term "executive department" as there used refers to the executive *branch* as a whole. The term quite clearly denotes a subdivision of the executive branch because the section refers to *an* executive department, suggesting the existence of several. While it makes perfect sense—and comports with established usage, *see, e.g., United States v. Germaine,* 99 U.S. 508, 510–11, 25 L.Ed. 482 (1878)—to refer to several executive *departments,* it would be totally nonsensical to read the section as referring to several executive *branches.* Thus, in determining whether a regulation can form the basis for suit under the Tucker Act, the court must, pursuant to 28 U.S.C. § 451, refer to Chapter 1 of Title 5.

Section 101 of Title 5 defines the term "executive department" to include *the cabinet level departments.* The United States Post Office is not among them. In fact, the Postal Reorganization Act of 1970 explicitly struck the Post Office from this list. Pub.L. No. 91–375, § 6(c)(1), 84 Stat. 719, 775. The status of the Post Office is now defined in 39 U.S.C. § 201 (1980) as "an independent establishment of the executive branch of the Government of the United States...." It follows that the Post Office is not an executive department and that its regulations cannot form the basis of plaintiff's claim under the Tucker Act. *Connolly v. United States,* 1 Cl.Ct. 312, 314–15, 554 F.Supp. 1250 (1982), *aff'd in part, rev'd in part,* 716 F.2d 882 (Fed.Cir. 1983) (emphasis added).

Similar to the USPS, the EEOC is not listed under § 101 of Title 5. Therefore, this court is constrained to find that it is also not an executive department, and 29 C.F.R. §§ 1613.235(b) and 1613.237(b), upon which Jones bases his right to a payment of money, is not a "regulation of an executive department" as the term is used in the Tucker Act, 28 U.S.C. § 1491(a)(1). Therefore, Jones may not rely on an alleged violation of the aforementioned EEOC regulations as the predicate for bottoming subject matter jurisdiction in this court, and must turn to an alternative basis for fixing power in this court.

## B. Back Pay Act, 5 U.S.C. § 5596

■ Jones, in his opposition to defendant's motion to dismiss, apparently asserts such an alternative basis under the Back Pay Act. Therein, he avers as follows:

> 13. ... the Back Pay Act does apply in [this] case because of a wrongful adverse action in the U.S. Postal Service refusing to comply with an order of the EEOC, and the EEOC compounding the damage by refusing to enforce its order.

Jones' position regarding the applicability of the Back Pay Act, 5 U.S.C. § 5596, is quite circular. As he candidly acknowledges, in order for the Claims Court to obtain jurisdiction under the Back Pay Act, the plaintiff must demonstrate that the alleged unjustified or unwarranted personnel action specified in the Back Pay Act violated a statute or regulation covered by the Tucker Act. *See Hambsch v. United States,* 848 F.2d 1228, 1231 (Fed.Cir.1988);

*United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983); *Bivens v. United States,* 12 Cl.Ct. 727, 730 (1987) (citing *Montalvo v. United States,* 231 Ct.Cl. 980, 982 (1982)). Here, in his attempt to bridge that gap, Jones attempts to tie the Back Pay Act to 29 C.F.R. §§ 1613.235(b) and 1613.237(b). As the court explained, *supra,* the Claims Court cannot obtain Tucker Act jurisdiction based upon that non-executive department regulation. This fundamental principle remains inviolate notwithstanding plaintiff's attempt to combine said regulation with the Back Pay Act, which is not, *ipso facto,* jurisdictionally self-executing.

In its essence, Jones' complaint seeks to have the Claims Court assume subject matter jurisdiction over a claim for back pay based upon alleged violations of the Equal Employment Opportunity Act, 42 U.S.C. § 2000e, *et seq.,* which prohibits discrimination based upon race, color, religion, sex, or national origin. This court, however, has no such jurisdiction, *see Mack v. United States,* 225 Ct.Cl. 187, 635 F.2d 828 (1980), for it is axiomatic that § 2000e grants exclusive jurisdiction to the United States District Courts.

Jones filed his complaint under the Tucker Act. Because the court finds, for the foregoing reasons, that its jurisdiction has not been and may not be invoked over this claim, Jones' claim must be dismissed.

## C. Statute of Limitations

■ As an additional ground for dismissal, the government also asserts in its opposition brief that, assuming but not conceding subject matter jurisdiction, Jones' claim is, nevertheless, time barred by the six-year statute of limitations, 28 U.S.C. § 2501.[2] As is well settled, said statute begins to run when the claim accrues—and that occurs when all events giving rise to plaintiff's cause of action have occurred. *See Brown v. United States,* 5 Cl.Ct. 1, *aff'd,* 741 F.2d 1374 (Fed.Cir.1984).

The facts as taken from Jones' complaint are that the EEOC ordered the USPS to reinstate Jones with back pay on August 10, 1981. At this point in time, the USPS was bound to follow the EEOC's order but did not. Jones, apparently, could have brought an action in the district court to enforce said order, but, instead, he sat idle as the USPS filed a request for re-opening with the EEOC. That the EEOC on April 1, 1983, reversed the August 10, 1981 decision or that the United States District Court for the Eastern District of Virginia refused to hear Jones' claim for reinstatement and back pay does not change the fact that all of the events giving rise to Jones' cause of action had occurred, if not by August 10, 1981, certainly *shortly* thereafter, at the point in time when a reasonable man would have realized that the USPS did not intend to follow the EEOC order. Undoubtedly, by September 11, 1981, Jones should have realized that the USPS was either gravely delinquent in following the EEOC's order or would not do so at all. As the court stated in *Mitchell v. United States,* 10 Cl.Ct. 63, 67–68, *modified in part,* 10 Cl.Ct. 787 (1986):

> [T]he law does not insist that one be certain of the existence of a course of action before the statute of limitations may commence running. Rather, reasonable diligence in the protection of one's interests dictates that *where there is reason to suspect there is reason to inquire* and, therefore, " '[w]hatever is *notice enough to excite attention* and put the party on his guard and call for inquiry, *is [also] notice of everything to which such inquiry might have led.*' "
>
> . . .

(emphasis added). Clearly then, assuming but not conceding subject matter jurisdiction, we believe that the evidence is sufficient to warrant a finding that the six-year statute began to run *prior* to March 15, 1982—*i.e.,* six years prior to the time Jones filed his complaint in this court.

Moreover, Jones' filing of an action in the United States District Court did not toll

---

2. 28 U.S.C. § 2501 states in pertinent part as follows: "Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

the statute, for that court determined it had no jurisdiction over that portion of Jones' claim and Jones did not appeal. *See Cronk v. United States,* 12 Cl.Ct. 512 (1987), *aff'd,* 845 F.2d 1034 (Fed.Cir.1988).

*Conclusion*

Jones' claim is not based upon a violation of a regulation of an *executive department.* As a result, the court does not have subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1)—either directly or through the Back Pay Act, 5 U.S.C. § 5596.

In addition, and assuming, *arguendo,* otherwise, Jones' claim is time barred by the six-year statute of limitations of 28 U.S.C. § 2501. Therefore, the defendant's motion to dismiss under RUSCC 12(b) is hereby GRANTED. Plaintiff's complaint shall be dismissed. No costs.

IT IS SO ORDERED.