Contracts; Wunderlich Act review; default termination; waiver of delivery schedule; excess reprocurement costs; review of Board decision denying reconsideration. — Plaintiff seeks review, under Wunderlich Act standards, of decisions of the Armed Services Board of Contract Appeals (the Board) upholding the termination for default of plaintiffs supply contract and the Government’s right to recover, from plaintiff, the excess costs incurred on reprocurement and denying reopening and reconsideration, 74-1 BCA para. 10,499 and 78-1 BCA para. 12,907. On April 12, 1972, plaintiff was awarded a firm fixed-price contract for the manufacture and supply of radar transponders. A first shipment was scheduled for delivery 90 days after award; subsequent shipments were scheduled for each monthly interval thereafter. The plaintiff informed the *654 Government that due to subcontractor difficulties testing and delivery would be delayed; the Government replied that no extension of the contract would be forthcoming. The Government communicated to the plaintiff the urgency of its needs and the impossibility of granting an extension in delivery schedule absent proof of excusable delays on the contractor’s part. The Government took no action to terminate the contract when the first delivery date came and passed. Rather, the contractor received two letters from the defendant indicating a "business as usual” attitude. On July 13, 1972, the Government was informed of still further delays. On August 1, 1972, the contractor was advised by telegram that the contract was being terminated for failure to deliver; confirmation followed on August 3. The contractor’s efforts for reinstatement were not successful. On August 10, 1972, the Government awarded a reprocurement contract to the only other bidder on the initial solicitation at a price less than 3 per cent higher than the price of the terminated contract. Demand for the payment of excess costs was made by the Government on February 26, 1973, and paid by the contractor in May 1974, approximately 60 days after the Board’s initial decision on the matter. Three and one-half years after the Board’s decision the plaintiff moved to have the earlier decisions set aside and its appeals sustained. The petition alleged that the Government failed to include in the Board’s appeal file ("Rule 4” file) certain documentation critical to assessing the validity of the default termination as well as the subsequent reprocurement. The Board denied the motion. On appeal plaintiff seeks to have the decisions of the Board set aside. Moreover, apart from the Board’s decision, the plaintiff contends that substantive deficiencies in the contracting officer’s termination authority and irregularities in the reprocurement action invalidate the termination and exonerate the contractor from liability for the excess costs incurred upon repurchase. On June 13, 1979 Trial Judge John P. Wiese filed a recommended opinion (reported in full at 26 CCF ¶ 83,393) upholding the decisions of the Board. The trial judge rejected the plaintiffs contention that the letters sent to the contractor by the Government following the missed delivery date constituted a waiver of the original delivery *655 date and that therefore the termination for default was improper. The Government has a reasonable time after default in which to act; the Government’s forbearance was a result of its wait for proof from the contractor (never forthcoming) that the delays were excusable. If they had been excusable any termination might have been wrongful, thus subjecting the Government to liability. The letters to the plaintiff represented administrative steps that a likelihood of continued performance (predicated upon an assumed later demonstration of excusable delays) would necessarily require; they did not amount to a waiver of the delivery schedule. Similarly, the Government’s actions did not estop it from terminating the contract for default. The plaintiff also argued that the defendant failed to prove actual payment of the claimed excess reprocurement costs and was therefore not entitled to reimbursement from the plaintiff. As the performance of the reprocurement contract was still underway at the time of the consolidated hearing before the Board, the Board passed, without objection from the plaintiff, on the validity of the reprocurement, not its actual cost. The plaintiff was not foreclosed from later asking for and receiving, from the Government, such documentation as would verify the final amount of excess costs actually incurred. The trial judge also rejected the plaintiffs argument that the Board should have reconsidered its earlier decision because the contracting officer had secured approval to terminate for default by misrepresenting the urgency of the initial procurement and reprocurement, and that the falsehoods were compounded when the contracting officer failed to include in the appeal file pertinent documentation showing the absence of any pressing need for the contract product. The Board’s authority to reopen a record is discretionary and subject to reversal only where the discretion has been abused. The documents revealed that the Government was indeed in urgent need of the supplies. Moreover, the documents the plaintiff complained of were properly the subject of a discovery demand. Their existence and availability being established, responsibility for their non-inclusion in the Rule 4 file could not be assigned to the Government. On February 15, 1980 the court, by order, adopted the recommended decision as the basis for its *656 judgment in this case, granted defendant’s cross-motion for summary judgment, denied plaintiffs motion for summary judgment, and dismissed plaintiffs petition and defendant’s counterclaim.