## NORTH AMERICAN CORPORATION, Appellant,

v.

## The UNITED STATES, Appellee.

### Appeal No. 83-570.

United States Court of Appeals, Federal Circuit.

April 25, 1983.

Larry E. Christensen, Washington, D.C., on brief, for appellant.

R. Anthony McCann, Washington, D.C., on brief, for appellee. With him on brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, and Sandra P. Spooner, Washington, D.C.

Before FRIEDMAN, NICHOLS and BENNETT, Circuit Judges.

### ORDER

FRIEDMAN, Circuit Judge.

The case arises out of a contract by which the appellant rented data processing equipment to the government. The contracting officer determined that the appellant had collected excess rent from the government and ordered it to refund the excess. The Armed Services Board of Contract Appeals remanded the case to the contracting officer to recompute the amount the appellant must refund. The appellant then filed suit in this court challenging that decision.

In its brief on the merits, the United States argues that we have no jurisdiction over this appeal. We agree, and dismiss it.

The contract was entered into before the Contract Disputes Act, 41 U.S.C. §§ 601–613 (Supp.V 1981), became effective on March 1, 1979. The contracting officer entered his final decision on August 4, 1978. Section 16 of the Contract Disputes Act provides that with respect to a contract entered into before the effective date of the Act, the contractor may elect to proceed under the Act with respect to any claim pending before the contracting officer on the effective date or initiated thereafter.

92 Stat. 2383, 2391, *reprinted in* 41 U.S.C. § 601 note at 1175 (Supp.V 1981). On the effective date, the claim was not pending before the contracting officer, who had decided it more than six months earlier, but was pending before the Board. Such a claim is not subject to the Act. *Monroe M. Tapper Assocs. v. United States,* 611 F.2d 354, 359 (Ct.Cl.1979).

■ Since the Act does not apply to this claim, the Board necessarily proceeded under the Wunderlich Act and the disputes clause of the contract. Under the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 127, 96 Stat. 25, 38 (1982) (to be codified at 28 U.S.C. § 1295(a)(10)), this court cannot review the Board decision, since its jurisdiction over appeals from boards of contract appeals is limited to decisions of those boards pursuant to the Contract Disputes Act. The present case, therefore, is reviewable only in the United States Claims Court (under the Tucker Act), and not in this court.

In this situation, ordinarily we would transfer the case to the United States Claims Court pursuant to 28 U.S.C. § 1631 (added by the Federal Courts Improvement Act of 1982 § 301). The appellant has stated, however, that it seeks such transfer only if we were to conclude that the 120-day period in the Contract Disputes Act for filing suit in the Claims Court applies. Since we hold that the Contract Disputes Act is inapplicable to the claim in this case, the 120-day limitation period for filing suit under that Act (41 U.S.C. § 607(g)(1)(A) (Supp.V 1981)) necessarily also is inapplicable. The six-year statute of limitations in 28 U.S.C. § 2401(a) (Supp.V 1981) governs. Because appellant has indicated that if the six-year statute of limitations applies, it prefers dismissal to transfer, we shall follow its wishes. The appeal is

DISMISSED.