BENNETT, Circuit Judge.
 

 Charles M. Tatelbaum, assignee for the benefit of the creditors of A. Hoen & Company, Inc. (Hoen), appeals the decision of the United States Government Printing Office Board of Contract Appeals, Panel 9-82 (October 21, 1983), sustaining the Government Printing Office’s (GPO) setoff of amounts owed to GPO by Hoen on two defaulted contracts against amounts which GPO owed to Hoen on two unrelated completed contracts. Pursuant to Federal Rule of Appellate Procedure 27, the United States moves this court to dismiss the appeal for lack of jurisdiction. In his opposition to the motion of the United States to dismiss, Tatelbaum requests this court to transfer the instant appeal to the appropriate court, rather than dismiss it. The government did not object to this request in oral argument. We lack jurisdiction to hear this appeal. Accordingly, we transfer the instant appeal to the United States Claims Court, assuming, without deciding, that it has jurisdiction under the Tucker Act.
 
 See
 
 28 U.S.C. § 1491 (1982).
 

 GPO awarded Hoen five contracts during 1979 and 1980. Of the four contracts which are relevant to this appeal, Hoen had completed two and had partially completed the other two when it ceased its business on April 10, 1981. On April 15, 1981, GPO terminated the five contracts for default due to Hoen’s inability to perform. On April 16, 1981, the Circuit Court of Baltimore City declared Hoen insolvent, assumed jurisdiction over the Hoen estate, and appointed Tatelbaum and Edward F. Shea, Jr., assignees. After reprocuring the two uncompleted contracts, GPO set off the excess costs which it had incurred ($122,702.38) against the amount which it owed Hoen on the four contracts ($98,-460.45). Tatelbaum argues that the United States has thus received impermissible preferred treatment over Hoen’s other creditors by extending the setoff to the $34,-030.79 which it owed Hoen on two completed contracts.
 

 A prerequisite to this court assuming jurisdiction over an appeal from a decision of a board of contract appeals is that the decision by the board must be pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 607(g)(1) (1982). 28 U.S.C. § 1295(a)(10);
 
 North American Corp. v. United States,
 
 706 F.2d 1212 (Fed.Cir.1983). The Contract Disputes Act only applies to contracts of an “executive agency.” 41 U.S.C. § 602. GPO does not fall within the 41 U.S.C. § 601(2) definition of an “executive agency.”
 
 See International Graphics v. United States,
 
 4 Cl.Ct. 186, 197 (1983). Because GPO is not an “executive agency” within the meaning of the Contract Disputes Act we are without jurisdiction to decide this appeal. Pursuant to 28 U.S.C. § 1631, we transfer this case to the United States Claims Court.
 

 TRANSFERRED.