ZINGER CONSTRUCTION COMPANY, INC., Appellant,

v.

The UNITED STATES, Appellee.

Appeal No. 84–1427.

United States Court of Appeals, Federal Circuit.

Jan. 30, 1985.

James V. Joy, Jr., New York City, argued for appellant.

R. Anthony McCann, Dept. of Justice, Washington, D.C., argued for appellee. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director, Washington, D.C.

Before BALDWIN, BENNETT and MILLER, Circuit Judges.

BENNETT, Circuit Judge.

Zinger Construction Company, Inc., appeals the decision of the Armed Services Board of Contract Appeals (board), ASBCA No. 28585, 84–1 BCA ¶ 17,209, dismissing Zinger's appeal on the grounds of res judicata. The United States contends that this court is without jurisdiction over Zinger's appeal. We agree. Accordingly, we dismiss for lack of jurisdiction.

## BACKGROUND

In June 1973 Zinger contracted to construct an incinerator plant at Watervliet Arsenal in Watervliet, New York, for $818,-488. Subsequent modifications increased the total contract price to $963,252. In August 1973 Zinger submitted a value engineering (VE) proposal which it estimated would produce a $50,000 savings. The United States amended the contract to take advantage of the proposal.

In September 1974 the United States terminated the contract for its convenience. Zinger submitted a settlement proposal and the parties began a series of negotiating sessions. During the sessions, Zinger raised the issue of payment for its VE proposal. Zinger contended that under the contract it was entitled to 50 percent of the savings realized by the United States as a result of its VE proposal. Initially, the United States responded that such payment was inappropriate. When Zinger raised the issue of the VE claim at the final negotiating session, the United States informed Zinger that the proposed settlement accounted for the VE claim. The United States specifically advised Zinger that the contract modification formalizing the settlement would provide that no outstanding liabilities under the contract remained. The parties informally agreed to a total settlement of $578,057, of which the United States had previously paid $331,861.30.

Relying on the informal agreement, the United States paid Zinger $246,095.70, withholding $100 pending the execution of a contract modification formalizing the agreement.

On July 15, 1977, Zinger sent a letter to the contracting officer stating that the issue of payment for the VE proposal was unresolved. Without responding to the letter, the contracting officer sent the contract modification to Zinger in August 1977. Zinger signed the contract modification on September 12, 1977, but later refused the final payment of $100 tendered by the United States.

On October 11, 1977, Zinger filed a notice of appeal with the board, alleging that the contracting officer had failed to render a decision on the VE claim. The board determined that the contract modification was an accord and satisfaction which barred Zinger's claim. Accordingly, the board denied Zinger's appeal. ASBCA No. 22499, 78–2 BCA ¶ 13,461, *aff'd*, 225 Ct.Cl. 596 (1980).

On January 28, 1982, Zinger filed a complaint with the board alleging that the United States had breached the construction contract. The board denied Zinger's claim, reasoning that Zinger was barred by res judicata from asserting a different theory of recovery in an effort to relitigate the same claim. ASBCA No. 26733, 83–1 BCA ¶ 16,438.

On August 5, 1983, Zinger filed yet another complaint with the board in which it alleged that newly discovered evidence proved that the final settlement did not incorporate the VE claim. On February 24, 1984, the board dismissed the complaint, holding that the evidence in question (1) was previously available to Zinger and (2) did not dictate, in any event, a result contrary to the earlier decision of the board. 84–1 BCA at 85,679. We now address Zinger's appeal of this third decision of the board.

## DISCUSSION

In order for this court to assume jurisdiction over an appeal from a decision of a board of contract appeals, the board must render its decision pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 607(g)(1) (1982). *Tatelbaum v. United States*, 749 F.2d 729 (Fed.Cir.1984) (citing 28 U.S.C. § 1295(a)(10) (1982) and *North American Corp. v. United States*, 706 F.2d 1212 (Fed. Cir.1983)). Section 16 of the Act, headed "Effective Date of Act," states:

This Act shall apply to contracts entered into one hundred twenty days after the date of enactment. Notwithstanding any provision in a contract made before the effective date of this Act, the contractor may elect to proceed under this Act with respect to any claim pending then before the contracting officer or initiated thereafter.

41 U.S.C. § 601 note. In order for Zinger to "elect to proceed" under the Act, section 16 requires that Zinger's claim must have been pending before the contracting officer on or after the effective date of the Act, March 1, 1979. *Monroe M. Tapper & Associates v. United States*, 611 F.2d 354, 358 n. 8, 222 Ct.Cl. 34 (1979).

The contracting officer was under an implied covenant to render a timely decision with respect to Zinger's claim of July 15, 1977. *Universal Ecsco Corp. v. United States*, 385 F.2d 421, 425, 181 Ct.Cl. 10 (1967) (quoting *New York Shipbuilding Corp. v. United States*, 385 F.2d 427, 436, 180 Ct.Cl. 446 (1967)). Upon the lapse of a reasonable time, which need not be determined with precision in this case, the contracting officer was deemed to have made a decision denying Zinger's claim and Zinger was entitled to file an appeal, which it did on October 11, 1977.* Thus, a constructive decision of the contracting officer issued no later than October 11, 1977, when the board accepted jurisdiction of the claim

---

* The legislative history of the Contract Disputes Act of 1978 reveals that this was the rule in effect at the time Zinger submitted its claim to the contracting officer. 41 U.S.C. § 605(c)(5) merely codifies the prior rules and law concerning the effect of the failure of the contracting officer to issue a timely decision. *Contract Disputes Act of 1978: Joint Hearings on S. 2292, S. 2787, and S. 3178 Before the Subcomm. on Federal Spending Practices and Open Government of*

which it ultimately denied. Once a contracting officer's decision on a claim is deemed to have been made, the claim is no longer pending before him. *See Monroe M. Tapper & Associates,* 611 F.2d at 359. As Zinger's claim was not pending before the contracting officer on or after March 1, 1979, but had been constructively denied by October 11, 1977, when Zinger appealed to the board, it may not "elect to proceed" under the Act. Accordingly, we are without jurisdiction over this appeal.

With respect to Zinger's VE claim against the United States, there have been five published opinions: three by the ASBCA, one by the United States Court of Claims, and the present one. It is evident after all of the attention given to Zinger's claim that there is no merit to it. Pursuant to discretion vested in this court by 28 U.S.C. § 1631 (1982), we should transfer the case to the United States Claims Court if we find that to do so would be in the "interest of justice." On this record, we cannot so find. *Cf. Brown v. United States,* 741 F.2d 1374, 1377–78 (Fed.Cir. 1984).

DISMISSED.

the Senate Comm. on Governmental Affairs and the Subcomm. on Citizens and Shareholders Rights and Remedies of the Senate Comm. on the Judiciary, 95th Cong., 2d Sess. 1, 93 (1978) (statement of Lester A. Fettig, Administrator for Federal Procurement Policy, OMB); *id.* at 393 (statement of Harold C. Petrowitz, Professor of Law, Washington College of Law, The American University); H.R.Rep. No. 95–1556, 95th Cong., 2d Sess. 52 (1978).