956 F.2d 1171
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George KRIKMANIS, Plaintiff-Appellant,
v.
George W. BUSH, President of the United States, Chairman,
Foreign Claims Settlement Commission, James A. Baker 3rd,
Secretary of State, Nicholas F. Brady, Secretary of
Treasury, and Richard L. Thornburgh, Attorney General of the
United States, Defendants-Appellees.
 No. 91-1457.
 United States Court of Appeals, Federal Circuit.
 Jan. 28, 1992.
 
 ON MOTION
 Before MICHEL, CLEVENGER and RADER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 In their brief, George W. Bush, et al. (hereafter "government"), ask us to dismiss the appeal of George Krikmanis for lack of subject matter jurisdiction, and we treat the request as a motion to dismiss. We grant the motion.
 
 
 2
 Krikmanis was born in the Republic of Latvia, fought against the Germans in World War II, and in 1952, emigrated from West Germany to the United States, where he is now a United States citizen. Krikmanis alleged that in 1978 he learned that the West German Government had set aside a sum of money for him as part of war reparations and that this money was transferred to the U.S. Foreign Claims Settlement Commission. Krikmanis also alleged that this money eventually was given to a former Latvian public official who cashed four $1 million checks "certified for" Krikmanis to purchase stock in the Polaroid Corporation in trust for the Latvian Embassy. Krikmanis alleged that David Rockefeller convinced the Foreign Claims Settlement Commission to release money belonging to him to the former Latvian public official.
 
 
 3
 Krikmanis brought suit in the U.S. District Court for the District of Massachusetts claiming jurisdiction under various articles and amendments of the Constitution, the Administrative Procedure Act, the Declaratory Judgment Act, and the mandamus statute, 28 U.S.C. § 1361. The essence of Krikmanis' complaint was that the Foreign Claims Settlement Commission wrongfully withheld the reparations money and transferred the money to the Latvian government for Polaroid stock. He sought the payment to him of $4 million plus "income and realized growth."
 
 
 4
 The district court, in a well-considered order, determined that the "heart of" Krikmanis' complaint was a January 26, 1988 letter from the Chief Counsel of the Foreign Claims Settlement Commission to Krikmanis informing him that "[t]he Commission has never had any authority to handle the matters to which you refer in your letter." The district court, construing the letter as a denial of Krikmanis' claim, determined that 22 U.S.C. § 1623(h)* barred review of the actions of the Foreign Claims Settlement Commission and that mandamus was not available. The district court dismissed for lack of subject matter jurisdiction. Krikmanis appealed.
 
 
 5
 The Federal Circuit's jurisdictional statute limits the authority of this court to hear appeals from district courts only to those cases involving certain intellectual property rights and to Little Tucker Act claims. 28 U.S.C. § 1295(a)(1), (2). Thus, the only basis upon which the Federal Circuit could arguably have jurisdiction over this appeal is the Little Tucker Act, 28 U.S.C. § 1346(a)(2). 28 U.S.C. § 1295(a)(2). The statute provides that the "Federal Circuit shall have exclusive jurisdiction ... of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1346 of this title." 28 U.S.C. § 1295(a)(2). Krikmanis neither alleged that the district court had jurisdiction under that section nor asserted any facts supporting jurisdiction under that section. Accordingly, we lack subject matter jurisdiction.
 
 
 6
 Having determined that this court lacks subject matter jurisdiction over Krikmanis' appeal, we must decide whether to dismiss or transfer the appeal. Pursuant to 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal...." The phrase "if it is in the interest of justice" relates to claims that are nonfrivolous and, as such, should be decided on the merits. Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed.Cir.1987). Courts have defined as frivolous those appeals that involve legal points not arguable on their merits. Id. Krikmanis' arguments are devoid of merit and, thus, we decline to transfer. Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed.Cir.1985).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 The government's motion to dismiss is granted.
 
 
 
 *
 The statute provides:
 The Commission shall notify all claimants of the approval or denial of their claim, stating the reasons and grounds therefor.... The action of the Commission in allowing or denying any claim under this subchapter shall be final and conclusive on all questions of law and fact and not subject to review by the Secretary of State or any other official department, agency, or establishment of the United States or by any court by mandamus or otherwise.