14 F.3d 612
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert E. and Alyne L. UNDERHILL, Plaintiffs-Appellants,
v.
R.E. PORTER, Defendant-Appellee.
 No. 93-1521.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 R.E. Porter moves to dismiss Robert E. Underhill and Alyne L. Underhill's appeal or to transfer to the United States Court of Appeals for the Fifth Circuit. Porter moves, in the alternative, for a 30-day extension of time to file his brief. The Underhills move to "disregard" Porter's motions.
 
 
 2
 Porter is a revenue officer for the Internal Revenue Service (IRS). The Underhills sued Porter in his individual capacity in Texas state court, alleging that Porter violated their rights by "proceed[ing] to collect on unknown taxes" because they are not subject to the tax laws. Apparently, the IRS seized two vehicles and a home from the Underhills. The suit was removed to the United States District Court for the Southern District of Texas.
 
 
 3
 The district court dismissed the Underhills' complaint for failure to state a claim upon which relief could be granted. The district court specifically noted that the Underhills did not allege that they had taken the administrative prerequisites to initiate a tax refund suit. In the alternative and assuming that the Underhills' complaint was sufficient to state a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the district court also granted summary judgment for Porter on his claim of qualified immunity.
 
 
 4
 We agree with Porter that this court is without jurisdiction over the Underhills' appeal, which belongs in the regional circuit court of appeals. 28 U.S.C. Sec. 1295. Porter argues that this court should dismiss and not transfer this appeal because the Underhills' case is "wholly frivolous" and thus it would not be in the interest of justice to transfer the appeal.
 
 
 5
 Pursuant to 28 U.S.C. Sec. 1631, if a court determines that it lacks jurisdiction over a case, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." See Galloway Farms, Inc. v. United States, 834 F.2d 998 (1987); Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (1985) (refusing to transfer after examining the merits of the case upon the record submitted). In this case, we cannot discern on the papers submitted whether this case is frivolous or totally without merit. Porter did not attach any documents from the district court proceedings and presented only sketchy background information in his motion.
 
 
 6
 In sum, we conclude that while we do not have jurisdiction over this appeal, it is the better course to transfer this appeal to the United States Court of Appeals for the Fifth Circuit.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Porter's motion to dismiss is denied.
 
 
 9
 (2) Porter's alternative motion to transfer to the United States Court of Appeals for the Fifth Circuit is granted.
 
 
 10
 (3) Porter's motion for an extension of time is moot.
 
 
 11
 (4) The Underhills' motion to disregard is denied.