41 F.3d 1521
 40 Cont.Cas.Fed. (CCH) P 76,752
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MAITLAND BROS. CO., Appellant,
v.
Sheila WIDNALL, Secretary of the Air Force, Appellee.
 No. 94-1107.
 United States Court of Appeals, Federal Circuit.
 Nov. 21, 1994.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 CLEVENGER, Circuit Judge.
 
 
 1
 Maitland Brothers Company appeals the April 30, 1993 decision of the Armed Services Board of Contract Appeals awarding Maitland costs associated with the U.S. Government's termination for convenience of a contract for the construction of a golf course. Maitland Bros. Co., ASBCA No. 43088, 93-3 B.C.A. p 26,007 (1993). Because Maitland's non-appropriated fund instrumentality (NAFI) contract is not subject to the Contracts Disputes Act of 1978 (CDA),[1] we lack jurisdiction to hear Maitland's appeal. We therefore dismiss.
 
 
 2
 * On September 23, 1983, the Government awarded Maitland Contract No. F08602-83-C0080 for $1,304,374 to build a second golf course adjacent to the existing golf course at MacDill Air Force Base, Florida. Maitland's contract set forth its status as a NAFI contract, stating specifically that "NAFI contracts are United States Government contracts; however, they do not obligate appropriated funds of the United States." In addition, the contract provided that with regard to disputes,
 
 
 3
 the contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Armed Services Board of Contract Appeals, and the decision of the board shall be final and conclusive; provided that if no such appeal is filed, the decision of the Contracting Officer shall be final and conclusive. (emphasis added)
 
 
 4
 On August 23, 1984, 38 days prior to the completion date, the Contracting Officer (CO) terminated the contract for default. In addition, the CO assessed against Maitland both excess reprocurement costs and responsibility for environmental violations. On appeal to the Board, Maitland challenged the propriety of the termination for default and sought recovery of increased costs for differing site conditions. On September 26, 1989, the Board issued a decision that converted the termination for default to one for convenience and set aside all of the Government's assessments against Maitland. Maitland Bros. Co., ASBCA Nos. 30089 et al., 90-1 B.C.A. p 22,367 (1989). While also affirming the CO's denial of Maitland's requests for equitable adjustments, the Board held that Maitland nonetheless could include in its proposed termination settlement agreement any costs relating to alleged extra work. Id. at 112, 387-88. Following this decision, Maitland filed an application under the Equal Access to Justice Act (EAJA),[2] seeking costs and fees incurred in its appeal to the Board. The Board held that Maitland's contract was not subject to the CDA and thus denied Maitland's EAJA application. Maitland Bros. Co., ASBCA Nos. 30089 et al. (May 4, 1990) (unpublished).
 
 
 5
 On January 3, 1990, Maitland filed its termination settlement proposal seeking $2,851,627.60. At the time of the termination for default, Maitland had completed about 95 percent of the contract work. The Government had paid Maitland $1,018,778.40 in progress payments, leaving an unpaid balance of $299,046.50 on the contract price. By a January 19, 1990 modification to the contract, the Government paid Maitland an additional $242,812.10. On August 21, 1991, the CO issued a final decision denying Maitland any further payment under the contract. Maitland appealed the CO's decision to the Board, seeking recovery of about $930,000. On April 30, 1993, the Board awarded Maitland $13,009.74 in costs associated with the termination, denying the remainder of Maitland's claims as unallowable or insufficiently substantiated. Maitland Bros. Co., ASBCA No. 43088, 93-3 B.C.A. p 26,007, at 129, 304-05 (1993).
 
 II
 
 6
 This court reviews board decision pursuant to 41 U.S.C. Sec. 609(b) (1988), which reads:
 
 
 7
 [T]he decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.
 
 
 8
 This court, however, has jurisdiction to engage in such a review only if the decision of a board of contract appeals from which appeal is sought was made pursuant to the CDA. Tatelbaum v. United States, 749 F.2d 729, 730 (Fed.Cir.1984). Indeed, 28 U.S.C. Sec. 1295(a)(10) (Supp. V 1993) provides this court with exclusive jurisdiction "of an appeal from a final decision of an agency board of contract appeals pursuant to section 8(g)(1) of the Contracts Disputes Act of 1978 (41 U.S.C. 607(g)(1))."
 
 
 9
 As it did before the Board, Maitland concedes here that its contract is not subject to the CDA. Maitland, however, asserts that this court nonetheless has jurisdiction to hear its appeal because Sec. 1295(a)(10) does not require that the final decision involve a matter subject to the CDA, but instead requires only that the appeal conform to Sec. 607(g)(1), i.e., the appeal must be filed within 120 days after the Board decision issues. We disagree, especially in view of Tatelbaum's holding to the contrary. This court may not review the Board's decision unless Maitland's contract is subject to the CDA. Because the contract is not subject to the CDA, we dismiss Maitland's appeal for lack of jurisdiction.[3]
 
 
 10
 COWEN, Senior Circuit Judge, concurs in the result.
 
 
 
 [1]
 Pub.L. No. 95-563, 92 Stat. 2383 (codified at 41 U.S.C. Secs. 601 et seq. (1988))
 
 
 [2]
 Pub.L. No. 96-481, 94 Stat. 2325 (1980) (codified as amended at various sections of 5 & 28 U.S.C., in particular, 5 U.S.C. Sec. 504 (1988 & Supp. V 1993))
 
 
 [3]
 Maitland also argues that this court has jurisdiction to hear its appeal under the holding in McDonald's Corp. v. United States, 926 F.2d 1126 (Fed.Cir.1991). In McDonald's, we held that the Court of Federal Claims has jurisdiction of a breach of contract action against the Navy Resale and Services Support Office (NAVRESSO), even though NAVRESSO is a NAFI not specifically enumerated in 28 U.S.C. Sec. 1491(a)(1) (1988). Maitland contends that the MacDill Air Force Base Morale, Welfare and Recreation Fund, which financed Maitland's contract, is a NAFI, like NAVRESSO, that is engaged in the sort of activity of which Congress intended to waive sovereign immunity. We disagree. Ironically, in making such a contention, Maitland is essentially arguing that its contract is subject to the CDA, a position directly contrary to its concession, because under 41 U.S.C. Sec. 602(a) (1988) the CDA applies to NAFIs within the scope of Sec. 1491