RAIN AND HAIL INSURANCE SERVICE, INC. and Rain and Hail L.L.C., Appellants,

v.

Phyllis W. HONOR, Acting Manager, Federal Crop Insurance Corporation and Acting Adminstrator, Risk Management Agency and Ann M. Veneman, Secretary of Agriculture, Appellees.

No. 02–1062.

United States Court of Appeals, Federal Circuit.

March 1, 2002.

Before MAYER, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

ORDER

GAJARSA, Circuit Judge.

Rain and Hail Insurance Service, Inc. et al. move for an order determining the court's jurisdiction over their appeal. The Federal Crop Insurance Corporation (FCIC) responds and moves to dismiss for lack of jurisdiction.

Both parties state that this court does not have jurisdiction over this appeal of a decision of the Department of Agriculture Board of Contract Appeals that was not rendered pursuant to the Contract Disputes Act (CDA), 41 U.S.C. § 607(g)(1). Rain and Hall state that it has filed the appeal in "an abundance of caution and that it has filed an action in the United States District Court for the Southern Dis-

trict of Texas." This court agrees that it lacks jurisdiction.

This court has jurisdiction over appeals of decisions of boards of contract appeals rendered pursuant to the CDA. *Zinger Constr. Co., Inc. v. United States,* 753 F.2d 1053, 1054 (Fed.Cir.1985). When the CDA does not apply to the contract at issue, the court lacks jurisdiction to review the appeal. *G.E. Boggs & Assocs., Inc. v. Roskens,* 969 F.2d 1023, 1026 (Fed.Cir.1992); 28 U.S.C. § 1295(a)(10). The CDA applies to executive agency procurement contracts wherein the agency acquires "property or services for the direct benefit or use of the federal government." *Bonneville Associates v. United States,* 43 F.3d 649, 653 (Fed.Cir.1994); *New Era Constr. v. United States,* 890 F.2d 1152, 1157 (Fed.Cir. 1990); 41 U.S.C. § 602(a).

Rain and Hail entered into the contract at issue, a Standard Reinsurance Agreement (SRA), with the FCIC. The SRA is a financial assistance agreement setting forth the terms and conditions under which the FCIC will provide premium subsidy, expense reimbursement, and reinsurance on multiple peril crop insurance sold or reinsured by the Federal Crop Insurance Act (FCIA), 7 U.S.C. §§ 1501 *et seq.,* and its implementing regulations. The SRA's purpose is to provide insurance to agricultural product producers in accordance with the FCIA, rather than to procure goods or services for the FCIC. Accordingly the SRA is not a procurement contract subject to the CDA. *Cf. New Era Constr.,* 890 F.2d at 1157 (determining that contract obligating government to finance construction project for nonfederal agency not subject to the CDA because construction was not for the government's direct benefit or use). Therefore, this court lacks jurisdiction to entertain the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) Rain and Hail's motion for a determination of jurisdiction is granted.

(2) The FCIC's motion to dismiss is granted.

(3) Each side shall bear its own costs.